[Cite as *State v. Zaslov*, 2011-Ohio-2786.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 95470**

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## LAWRENCE ZASLOV

DEFENDANT-APPELLANT

---

**JUDGMENT:**
**AFFIRMED**

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case Nos. CR-507362 and CR-496495

**BEFORE:** Sweeney, J., Blackmon, P.J., and Stewart, J.

**RELEASED AND JOURNALIZED:** June 9, 2011

**ATTORNEY FOR APPELLANT**

Thomas A. Rein, Esq.
Leader Building, Suite 940
526 Superior Avenue
Cleveland, Ohio 44114

**ATTORNEYS FOR APPELLEE**

William D. Mason, Esq.
Cuyahoga County Prosecutor
By: Michael E. Jackson, Esq.
Assistant Prosecuting Attorney
The Justice Center
1200 Ontario Street
Cleveland, Ohio 44113

JAMES J. SWEENEY, J.:

{¶ 1}   Defendant-appellant Lawrence Zaslov ("defendant") appeals the court's denial

of his motion to withdraw his no contest plea and subsequent nine-year prison sentence.   After

reviewing the facts of the case and pertinent law, we affirm.

{¶ 2}   On March 7, 2008, defendant pled no contest to multiple offenses charged in two

cases relating to stealing more than $500,000 from elderly victims whom he had befriended.

On June 4, 2008, the court sentenced defendant to six years in prison on the first case and three

years in prison on the second case, to run consecutively, for a total of nine years in prison.

Defendant appealed and this court vacated the sentence as being contrary to law and remanded

for a new sentencing hearing. *State v. Zaslov*, Cuyahoga App. No. 91736, 2010-Ohio-3734 (*Zaslov I*).

{¶ 3} In *Zaslov I*, this court found that, although the aggregate prison sentence of nine years was lawful, the court erred in sentencing the defendant on two of the eight counts. Specifically, the court erred by imposing an unlawful six-year sentence for a fifth degree felony and three-year sentence for a fourth degree felony. Id. at ¶9. These unlawful sentences were imposed concurrently with lawful six- and three-year prison sentences for first and second degree felonies, respectively, which were run consecutive to one another, for a total of nine years in prison.

{¶ 4} On May 24, 2010, the court held a resentencing hearing, at which defendant's counsel made an oral motion to withdraw defendant's plea. Defendant alleged, for the first time, that his former counsel told him he would receive the minimum sentence of three years in prison (for a first degree felony). After a hearing, the court denied defendant's motion to withdraw his plea and resentenced defendant to an aggregate of nine years in prison.

{¶ 5} Defendant appeals and raises two assignments of error for our review.

{¶ 6} "I. The trial court erred in not allowing appellant to withdraw his [no contest] plea prior to sentencing."

{¶ 7} The standard of review for motions to withdraw no contest pleas is the same as for motions to withdraw guilty pleas. *State v. Posta* (1988), 37 Ohio App.3d 144, 145, 524

N.E.2d 920. A motion to withdraw a guilty plea is governed by the standards set forth in Crim.R. 32.1: "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."

{¶ 8} The general rule is that motions to withdraw guilty pleas before sentencing are to be freely and liberally allowed. *State v. Peterseim* (1979), 68 Ohio App.2d 211, 214, 428 N.E.2d 863, citing *Barker v. United States* (C.A.10, 1978), 579 F.2d 1219, 1223. However, a defendant does not have an absolute right to withdraw a guilty plea prior to sentencing. *State v. Xie* (1992), 62 Ohio St.3d 521, 584 N.E.2d 715. In ruling on a presentence motion to withdraw a plea, the court must conduct a hearing and decide whether there is a reasonable and legitimate basis for withdrawal of the plea. Id. at 527. The decision to grant or deny such a motion is within the sound discretion of the trial court. Id.

{¶ 9} "It is not an abuse of discretion to deny a presentence motion to withdraw a guilty plea when a defendant: (1) is represented by competent counsel; (2) is given a full Crim.R. 11 hearing before entering a plea; and (3) is given a hearing on the motion to withdraw that plea during which the court considers the defendant's arguments in support of the motion." *State v. Bridges*, Cuyahoga App. No. 87633, 2006-Ohio-6280, ¶5 (citations omitted). See, also, *Peterseim*, at 214, 428 N.E.2d 863.

{¶ 10} In the instant case, defense counsel represented to the court that he spoke with defendant's former counsel, who could not confirm that he had a conversation with defendant regarding receiving a three-year prison sentence. Defense counsel stressed that the motion to withdraw the no contest plea was based solely on defendant's allegations.

{¶ 11} The court also heard from the prosecutor who handled this case during the plea hearing, and he stated that "no commitments were made by the Court one way or the other * * * as to what would happen at sentencing."

{¶ 12} After considering the record and statements from defense counsel and the prosecutor, the court found defendant's claim unsubstantiated and denied his motion. Upon review, we find that defendant was represented by competent counsel and was given a full Crim.R. 11 hearing before entering his plea. Although brief, defendant was also given a hearing on his motion to withdraw his plea, which he made orally just prior to resentencing.

{¶ 13} The Ohio Supreme Court recently upheld the application of res judicata to reject "claims that [a defendant] raised on remand as a basis to withdraw his guilty pleas." *State v. Ketterer*, 126 Ohio St.3d 448, 2010-Ohio-3831, 935 N.E.2d 9, ¶60. We decline to address this issue, however, because the state failed to raise it. *State v. Boswell*, 121 Ohio St.3d 575, 2009-Ohio-1577, 906 N.E.2d 422, ¶11, superseded by statute on other grounds as stated in *State v. Singleton*, 124 Ohio St.3d 173, 2009-Ohio-6434, 920 N.E.2d 958 (disregarding whether res judicata barred a defendant from moving to withdraw his plea in conjunction with a

resentencing issue: "res judicata is not even mentioned in the state's memorandum in support of jurisdiction [and] [w]e accordingly decline to address it").

{¶ 14} Accordingly, we find that the court acted within its discretion when it denied defendant's motion to withdraw his no contest plea and his first assignment of error is overruled.

{¶ 15} In defendant's second assignment of error, he argues as follows:

{¶ 16} "II.   Appellant's consecutive sentences are contrary to law and violative of due process because the trial court failed to make and articulate the findings and reasons necessary to justify it [sic]."

{¶ 17} In *State v. Hodge*, 128 Ohio St.3d 1, 2010-Ohio-6320, 941 N.E.2d 769, ¶39, the Ohio Supreme Court held that "trial court judges are not obligated to engage in judicial fact-finding prior to imposing consecutive sentences * * *."

{¶ 18} The Ohio Supreme Court set forth the standard for reviewing felony sentencing in *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124.   *Kalish*, in a plurality decision, holds that appellate courts must apply a two-step approach when analyzing alleged error in a trial court's sentencing. "First, they must examine the sentencing court's compliance with all applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law. If this first prong is satisfied, the trial

court's decision shall be reviewed under an abuse-of-discretion standard." *Kalish*, at ¶4. See, also, *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470.

{¶ 19} Defendant does not challenge his nine-year prison sentence as being clearly and convincingly contrary to law, and our review of the record shows that the sentence is within the statutory range. In resentencing defendant, the court considered "all of the required factors under [R.C.] 2929.11, 12 and 13," the transcript from the original sentencing hearing, the state's sentencing recommendation, victims' statements, and statements from defense counsel, defendant, and defendant's mother. The court found that the victims were elderly and sick, which made them "very easy people to take advantage of."

{¶ 20} The court also reviewed "the information * * * received from the Court of Appeals * * * on resentencing." In *Zaslov I*, ¶14, this court held the following:

{¶ 21} "[O]ur review of the record shows that the trial court considered the fact that Zaslov abused the elderly victims' trust, the economic harm he inflicted affected many lives, and that his theft consisted of destroying the victims' life savings. In addition, the court considered Zaslov's presentence investigation report, psychiatric discharge reports, and the victims' and Zaslov's statements. Thus, based on the court's considerations, we conclude the trial court did not abuse its discretion by sentencing Zaslov to a total sentence of nine years in prison."

{¶ 22} The court then re-imposed the original sentence for six of the eight counts, imposed 12 months for the fifth degree felony, and imposed 18 months for the fourth degree felony.   The court ran all counts in the first case concurrently, for a six-year sentence, and all counts in the second case concurrently, for a three-year sentence.   The court then ran the sentences consecutive to one another for an aggregate of nine years in prison.   We find no abuse of discretion in this sentence and defendant's second assignment of error is overruled.

Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.   The defendant's conviction having been affirmed, any bail pending appeal is terminated.   Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


JAMES J. SWEENEY, JUDGE

PATRICIA ANN BLACKMON, P.J., and
MELODY J. STEWART, J., CONCUR