[Cite as *State v. Sagere*, 2013-Ohio-5244.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 99484

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## RONNIE SAGERE

DEFENDANT-APPELLANT

---

### JUDGMENT:
AFFIRMED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-544400

**BEFORE:**   Rocco, P.J., E.A. Gallagher, J., and Blackmon, J.

**RELEASED AND JOURNALIZED:**   November 27, 2013

-i-

**ATTORNEY FOR APPELLANT**

Ruth Fischbein-Cohen
3552 Severn Road
Suite 613
Cleveland Heights, Ohio 44118

**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

BY:   Brian M. McDonough
         T. Allan Regas
Assistant Prosecuting Attorneys
The Justice Center
1200 Ontario Street
Cleveland, Ohio 44113

KENNETH A. ROCCO, P.J.:

**{¶1}** Defendant-appellant Ronnie Sagere appeals from the trial court's denial of his motion to withdraw his guilty pleas to charges of sexual battery and attempted felonious assault.

**{¶2}** Sagere presents two interrelated assignments of error. Sagere claims that the trial court abused its discretion in denying his motion. He bases this claim on the assertion that, at the hearing on his motion to withdraw his plea, he indicated to the trial court that defense counsel had failed to adequately discuss the case with him prior to his entry of his pleas.[1]

**{¶3}** Because a review of the record fails to demonstrate that the trial court abused its discretion in denying Sagere's motion to withdraw his plea because of Sagere's dissatisfaction with his defense attorney's counseling, his assignments of error are overruled. The trial court's decision is affirmed.

**{¶4}** Sagere originally was indicted in this case in December 2010 on 14 counts. He was charged with one count of kidnapping, six counts of rape, six counts of gross sexual imposition, and one count of felonious assault. The first count contained a sexual motivation specification, and each count contained a sexually violent predator ("SVP")

---

[1] In making this assertion, Sagere does not specifically argue that trial counsel rendered ineffective assistance in violation of the standards set forth in *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989). App.R. 16(A)(7). Rather, he argues generally that his comments at the hearing on his motion indicated that trial counsel's actions were "questionable" and that the trial court should have relied upon his comments to grant his motion because they suggested the attorney–client relationship had "disintegrated."

specification. Sagere pleaded not guilty to the indictment and retained counsel to represent him.

{¶5} More than a year later, Sagere's retained attorney filed a motion to withdraw from the case. The trial court granted the motion and appointed new counsel for Sagere. Thereafter, the record reflects that Sagere's new counsel sought discovery, participated in numerous pretrial hearings, and eventually negotiated a plea deal for his client.

{¶6} The trial court called the case for a plea hearing on November 13, 2012. The prosecutor set forth the state's offer, i.e., in exchange for Sagere's guilty pleas to Counts 3 and 14, the state would amend the rape charge to a charge of sexual battery, amend the felonious assault charge to add the attempt statute, would delete the SVP specification in both counts, and would dismiss the remaining counts. The prosecutor outlined the maximum penalties involved.

{¶7} The prosecutor stated that amended Count 3 carried a maximum term of 60 months imprisonment, a maximum fine of $10,000, a mandatory term of five years of postrelease control, and Sagere would be classified as a "Tier III" sexual offender. The prosecutor further stated that amended Count 14 carried a maximum prison term of 36 months, a maximum fine of $10,000, and three years of postrelease control. The trial court interjected that postrelease control on Count 14 also was mandatory, and noted the consequences should Sagere violate the terms.

{¶8} Defense counsel requested on his client's behalf that the trial court allow Sagere to enter the guilty pleas "as outlined by the prosecutor." Counsel stated his belief

that Sagere understood that he would be waiving his rights, and that he would be entering his pleas "knowingly, intelligently, and voluntarily."

**{¶9}** The trial court then addressed Sagere in pertinent part as follows:

THE COURT: Thank you. Mr. Sagere, did you understand everything that the prosecutor and your attorney just said?

THE DEFENDANT: Yes.

* * *

THE COURT: What is the highest level of education you completed?

THE DEFENDANT: College.

THE COURT: Are you under the influence of alcohol, medication, or drugs today?

THE DEFENDANT: No.

THE COURT: I'm going to explain your trial rights to you. I want you to stop me at any time if you don't understand.

THE DEFENDANT: Okay.

THE COURT: You have the absolute right to go to trial. At trial you have the right to confront the witnesses against you through your counsel. If you cannot afford an attorney, one will be appointed at no cost to you. Do you understand that?

THE DEFENDANT: Yes.

THE COURT: The burden of proof at trial is on the State alone. At trial the State must prove beyond a reasonable doubt each and every element of the charge by proof beyond a reasonable doubt, unanimously to a jury of twelve or a judge if you waived the jury. You would have no burden of proof. Do you understand that?

THE DEFENDANT: Yes.

THE COURT: At trial you can present a defense, call witnesses, compel their appearance at trial by a subpoena, testify yourself and tell your side of the story, or you can choose not to testify and the prosecutor could not comment upon that fact in violation of your Fifth Amendment right. Do you understand that?

THE DEFENDANT: Yes.

THE COURT: Has anyone threatened or coerced you into making this plea today?

THE DEFENDANT: No.

THE COURT: Do you understand if you plead guilty, you are waiving trial rights and obviously, you are admitting the truth of the charges to which you are pleading?

THE DEFENDANT: Yes.

THE COURT: How do you plead to the charge of sexual battery in violation of Ohio Revised Code Section 2907.03(A)(2), which states that on or about November 17, 2010, you engaged in sexual conduct with a person not your spouse, when you knew that the other person's ability to appraise the nature of, or control the other person's conduct was substantially impaired; guilty or not guilty?

THE DEFENDANT: Guilty.


THE COURT: [Next] would be the charge of attempted felonious assault, in violation of Ohio Revised Code Section 2903.11(B)(1), as amended by Ohio Revised Code Section 2923.02, which states that on or about November 17, 2010, you did attempt, with knowledge that you had tested positive as a carrier of a virus that causes acquired immunodeficiency syndrome, did knowingly engage in sexual conduct without disclosing that knowledge prior to engaging in sexual conduct; guilty or not guilty?

THE DEFENDANT: Guilty.

THE COURT: The Court makes a factual finding that you knowingly, intelligently, and voluntarily made this plea and thus I will accept it. * * *

{¶10} At the conclusion of the plea hearing, the trial court referred Sagere for a presentence report. Sentencing was scheduled to be conducted on December 13, 2012.

{¶11} At the outset of the sentencing hearing, Sagere's defense counsel informed the court that his client had informed him that he would make a motion to withdraw his pleas. Defense counsel noted that his client's decision was against his advice.

{¶12} The trial court addressed Sagere to ascertain if counsel's statements were accurate. Sagere stated he wanted to withdraw his pleas. Although he admitted that, at the time of the plea hearing, he told his attorney that he wanted to accept the state's offer, he indicated to the court that, before that, the two of them had not discussed his case to his satisfaction.

{¶13} The trial court asked Sagere if "the prosecutor explained [on the record] all the various aspects of what you would be pleading to." Sagere answered, "Yes." The trial court also asked Sagere if he had been asked certain questions regarding his trial rights, coercion, and the effect of pleading guilty, and Sagere acknowledged that he had. Sagere admitted that he had told the court at the plea hearing that he understood what he was doing. Sagere, however, stated that he "felt" trial was going to be held that day, and "felt" he had "no choice" because his counsel did not have his "best interests at heart" and had not explained to him any potential trial strategy.

{¶14} At the conclusion of the exchange, the trial court denied Sagere's motion to withdraw his pleas. The trial court notified him of his duties as a sexual offender, and sentenced him to concurrent prison terms of 2 years on each count.

{¶15} Sagere appeals his convictions and presents the following two assignments of error for review.

**I. The Court committed error in denying Ronnie Sagere's motion to withdraw his plea of guilty, as it was not done knowingly and voluntarily.**

**II. The Court committed error in denying Ronnie Sagere's motion to withdraw his plea of guilty, when he complained that counsel did not inform him that he will plead guilty, and when he made it clear that he believed he was going to trial.**

**{¶16}** Sagere's assignments of error are related, in that he argues that the trial court abused its discretion in denying his motion to withdraw his guilty pleas. He asserts that the trial court should have granted his motion because he indicated that his trial counsel did not take enough time on his case prior to the plea hearing so as to allow Sagere to either understand that he was accepting the state's offer or to make his own decision on the matter.[2] This court disagrees.

**{¶17}** Sagere made his motion to withdraw his pleas pursuant to Crim.R. 32.1 and prior to the imposition of sentence. The Ohio Supreme Court has stated that "a presentence motion to withdraw a guilty plea should be freely and liberally granted." *State v. Xie*, 62 Ohio St.3d 521, 527, 584 N.E.2d 715 (1992). *See also State v. Peterseim* 68 Ohio App.2d 211, 214, 428 N.E.2d 863 (1979).

**{¶18}** Nevertheless, "[a] defendant does not have an absolute right to withdraw a guilty plea prior to sentencing." *Xie* at paragraph one of the syllabus. Thus, when ruling on a presentence motion to withdraw a plea, the trial court is required to conduct a

---

[2]See fn. 1.

hearing, in order to decide whether there is a reasonable and legitimate basis for withdrawal of the plea. *Id.* The decision to grant or deny such a motion is within the sound discretion of the trial court. *Id.* at paragraph two of the syllabus.

{¶19} A trial court does not abuse its discretion in denying a presentence motion to withdraw a guilty plea when the record reflects: (1) the defendant was represented by competent counsel, (2) the defendant was given a full and proper Crim.R. 11 hearing before entering the plea and, (3) the trial court provided a hearing on the defendant's motion to withdraw that plea, during which the court gave full and fair consideration to the defendant's arguments in support of the motion. *State v. Zaslov*, 8th Dist. Cuyahoga No. 95470, 2011-Ohio-2786, ¶9. *See also Peterseim* at 214.

{¶20} In this case, the record demonstrates that Sagere had a full and proper Crim.R. 11(C) hearing. Sagere told the trial court he had some college education, and assured the court several times that he understood what the court was telling him. He answered affirmatively when the trial court asked him if he understood that he was "waiving trial rights and obviously * * * are admitting the truth of the charges to which you are pleading."

{¶21} The trial court also gave Sagere a full and fair hearing in considering his oral motion to withdraw his pleas. Sagere admitted at that hearing that he knew what he was doing in entering his guilty pleas. In *State v. Minifee*, 8th Dist. Cuyahoga No. 99202, 2013-Ohio-3126, ¶ 26, this court recently addressed a similar claim as Sagere presents herein, observing that, "Simply put, * * * nothing in the record * * *

substantiates appellant's claim that he was coerced to plead guilty by his counsel"; rather, the record of the plea hearing shows Sagere "was given every opportunity to * * * indicate that he did not feel comfortable entering a guilty plea." *Id.* A review of the record, therefore, leads this court to "agree with the trial court that appellant's motion to withdraw his plea was predicated only on 'buyers remorse' developed in anticipation of sentencing," which is not a legitimate basis upon which to withdraw his guilty pleas. *Id.* at ¶ 28.

{¶22} As for Sagere's claim that the trial court should have credited his complaints that his trial counsel failed to devote adequate time and effort to his case prior to the plea hearing, this claim also lacks support in the record. The trial court was aware that in the months leading up to the plea hearing defense counsel had fully investigated the case against his client. Defense counsel also had negotiated a highly advantageous plea agreement, whereby twelve of the counts against Sagere were dismissed, and the remaining two counts significantly were reduced. These facts led the trial court, as they lead this court, to conclude that Sagere was represented by "highly competent counsel" and that his complaints were unfounded. *State v. Harmon*, 4th Dist. Pickaway No. 04CA22, 2005-Ohio-1974, ¶ 24.

{¶23} The trial court did not abuse its discretion when it denied Sagere's oral presentence motion to withdraw his guilty pleas, because the totality of the circumstances warranted a conclusion that Sagere lacked a reasonable basis for his motion.

{¶24} Sagere's assignments of error, accordingly, are overruled.

**{¶25}** The trial court's decision is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
KENNETH A. ROCCO, PRESIDING JUDGE

EILEEN A. GALLAGHER, J., and
PATRICIA ANN BLACKMON, J., CONCUR