[Cite as *State v. Boggan*, 2014-Ohio-1428.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 100096**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## STEVE BOGGAN

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-12-566632

**BEFORE:** Keough, J., Boyle, A.J., and Blackmon, J.

**RELEASED AND JOURNALIZED:** April 3, 2014

**ATTORNEY FOR APPELLANT**

Rick Ferrara
2077 East 4th Street
Second Floor
Cleveland, Ohio 44114

**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
By: Jennifer A. Driscoll
Assistant Prosecuting Attorney
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

KATHLEEN ANN KEOUGH, J.:

{¶1}  Defendant-appellant, Steve Boggan, appeals his conviction for rape and gross sexual imposition.   Finding no merit to the appeal, we affirm.

## I.  Background

{¶2}  Boggan was charged in a 14-count indictment with six counts of rape with sexually violent predator specifications; four counts of gross sexual imposition with sexually violent predator specification; and four counts of kidnapping with sexual motivation and sexually violent predator specifications.   The indictment stemmed from Boggan's sexual abuse of three young children.

{¶3}  At a plea hearing, Boggan pleaded guilty to three counts of gross sexual imposition, as amended, in violation of R.C. 2907.04(A)(4), felonies of the third degree, and three counts of rape, as amended, in violation of R.C. 2907.02(A)(2), felonies of the first degree; the remaining counts were dismissed.   The trial court sentenced him to an aggregate term of 27 years incarceration.   Boggan appeals from this judgment.

## II.  Analysis

{¶4}  In his single assignment of error, Boggan contends that the trial court did not comply with Crim.R. 11 when accepting his plea because it did not explain to him the "total possible consequences" of his plea.   Specifically, Boggan contends that as a Tier III sexual predator, upon his release from prison, he must verify his address every 90 days for life with the sheriff of the county in which he resides.   R.C. 2950.06(B)(3) and 2950.07(B)(1).   Boggan contends that his plea was not knowingly, voluntarily, or

intelligently made because the trial court did not advise him that the failure to verify is a third-degree felony that would subject him to three to five years incarceration.[1]

{¶5} Under Crim.R. 11(C)(2), before accepting a guilty plea in a felony matter, a trial court must personally address the defendant and (1) determine that the defendant is making the plea voluntarily, with an understanding of the nature of the charges and the maximum penalty; (2) inform the defendant of and determine that the defendant understands the effect of the plea, and that the court may proceed with judgment after accepting the plea; and (3) inform the defendant and determine that the defendant understands that he is waiving his constitutional rights to a jury trial, to confront the witnesses against him, to call witnesses in his favor, and to require the state to prove his guilt beyond a reasonable doubt at a trial where the defendant cannot be forced to testify against himself.

{¶6} A trial court must strictly comply with the mandates of Crim.R. 11(C)(2)(c) regarding the waiver of constitutional rights, meaning the court must actually inform the defendant of the constitutional rights he is waiving and make sure the defendant understands them. *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, ¶ 27. With respect to the other requirements of Crim.R. 11(C)(2)(a) and (b)

---

[1]Boggan's assertion about the degree of felony and possible punishment is incorrect. Under Megan's Law, failure to notify of a change of address was a felony of the third degree. Former R.C. 2950.99. Under the Adam Walsh Act, effective January 1, 2008, and under which Boggan was sentenced, failure to notify of a change of address is a felony of the same degree as the offender's most serious underlying sexually oriented offense. Because Boggan pleaded guilty to rape, a felony of the first degree, any failure to report is a first-degree felony that would subject him to a mandatory prison term of three to eleven years. R.C. 2950.99(A)(1)(a)(ii) and 2929.14(A)(1).

regarding nonconstitutional rights, reviewing courts consider whether the trial court substantially complied with the rule. *State v. Ballard*, 66 Ohio St.2d 473, 476 N.E.2d 115 (1981). "Substantial compliance means that under the totality of the circumstances, the defendant subjectively understands the implications of his plea and the rights he is waiving." *State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990). "If it appears from the record that the defendant appreciated the effect of his plea and his waiver of rights in spite of the trial court's error, there is still substantial compliance." *State v. Caplinger*, 105 Ohio App.3d 567, 572, 664 N.E.2d 959 (4th Dist.1995), citing *Nero* at 108.

{¶7} Furthermore, "[a] defendant must show prejudice before a plea will be vacated for a trial court's error involving Crim.R. 11(C) procedure when nonconstitutional aspects of the colloquy are at issue." *Veney*, 120 Ohio St.3d at ¶ 17. The test for prejudice is whether the plea would have otherwise been made. *Nero* at 108.

{¶8} Boggan contends that he did not understand the nature of the charges and the maximum penalty involved because the trial court did not advise him that his plea exposed him to a new felony for failure to verify and the potential penalties for that crime. The rights contained in Crim.R. 11(C)(2)(a) regarding the defendant's understanding of the charges and the maximum penalty involved are nonconstitutional; thus, substantial compliance is sufficient.

{¶9} The record reflects that the trial court extensively advised Boggan of the Tier III reporting obligations required every 90 days for the rest of his life under the Adam Walsh Act. The trial court further advised Boggan that if he failed to comply with the law, he "would be subject to the additional crime of failure to verify [his] address" and then asked him if he understood. Boggan responded affirmatively.

{¶10} In *State v. McDuffie*, 8th Dist. Cuyahoga No. 96721, 2011-Ohio-6436, this court concluded that an advisement of the term of postrelease control, coupled with an advisement that the defendant could face additional prison time if he violated postrelease control, substantially complied with Crim.R. 11(C)(2)(a). Likewise, we find that the trial court's advisement to Boggan that he would be required to verify his address every 90 days for the rest of his life and would be subject to the "additional crime of failure to verify" should he fail to comply substantially complied with the requirements of Crim.R. 11(C)(2)(a).

{¶11} The record reflects that under the totality of the circumstances, Boggan subjectively understood the implications of his plea and the rights he was waiving. Furthermore, he has failed to demonstrate or even allege any prejudicial effect of the trial court's alleged error; i.e., that he would not have pled guilty if the trial court had informed him of the possible prison sentence for failing to verify his address. Simply put, he has not presented any evidence that the trial court's advisement regarding the consequences of failing to verify his address affected his decision to plead guilty in any way. Without any evidence that the plea would not have otherwise been made, Boggan

has not met his burden of showing prejudice that would necessitate vacating his plea. *See, e.g., State v. Soltis*, 8th Dist. Cuyahoga No. 92574, 2009-Ohio-6636, ¶ 22 (plea not vacated where defendant presented no evidence nor argued that he would not have entered his plea if he had known of the consequences of violating postrelease control); *State v. Alfarano*, 1st Dist. Hamilton No. C-061030, 2008-Ohio-3476 (no prejudice found and plea not vacated where defendant made no allegation he would not have pled guilty if he had known the mandatory term of postrelease control was five years, not three years as advised by the trial court).

**{¶12}** The assignment of error is overruled.

**{¶13}** Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

___

KATHLEEN ANN KEOUGH, JUDGE

MARY J. BOYLE, A.J., and

PATRICIA ANN BLACKMON, J., CONCUR