[Cite as *State v. Ward*, 2014-Ohio-4579.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 101041**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## DAVE WARD

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-13-575203-A

**BEFORE:** E.T. Gallagher, J., E.A. Gallagher, P.J., and Blackmon, J.

**RELEASED AND JOURNALIZED:** October 16, 2014

**ATTORNEY FOR APPELLANT**

Jerome Emoff
55 Public Square, Suite 950
Cleveland, Ohio 44113


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

BY:    Brent C. Kirvel
Assistant Prosecuting Attorney
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

EILEEN T. GALLAGHER, J.:

**{¶1}** Defendant-appellant, Dave Ward ("Ward"), appeals the judgment of the common pleas court denying his presentence motion to withdraw his guilty plea. Finding no merit to the appeal, we affirm.

**{¶2}** In June 2013, Ward was indicted on 31 counts, including aggravated murder charges, in violation of R.C. 2903.01, as well as numerous assault and firearm charges. Ward's case was consolidated with the cases of six codefendants, all of whom had been charged in connection with a shooting that occurred in July 2012. The incident involved a teenage party that turned deadly when multiple partygoers fired shots into opposing crowds of teenagers, killing one and wounding others.

**{¶3}** On December 2, 2013, Ward pleaded guilty to amended charges of involuntary manslaughter, felonious assault, discharge of a firearm on or near prohibited premises, aggravated rioting, all with one- and three-year firearm specifications, and having a weapon while under disability. The joint sentencing recommendation called for between 7 and 16 years in prison. Sentencing was set for December 9, 2013.

**{¶4}** On December 6, 2013, Ward filed a motion to withdraw his plea. On December 9, 2013, the trial court began with a hearing on Ward's motion. After hearing from the prosecutor, defense counsel, and Ward, the motion was denied, and the court immediately proceeded to sentencing. Ward was sentenced to nine years in prison.

**{¶5}** Ward's pro se motion for leave to file a delayed appeal was granted by this court, and counsel was appointed to represent him. Ward now appeals, raising three assignments of error.

## Evidentiary Hearing

**{¶6}** In his first assignment of error, Ward argues the trial court erred in failing to conduct a formal hearing with regard to his request to withdraw his guilty plea.

**{¶7}** The Ohio Supreme Court has stated that "a presentence motion to withdraw a guilty plea should be freely and liberally granted." *State v. Xie*, 62 Ohio St.3d 521, 584 N.E.2d 715 (1992). Nevertheless, "[a] defendant does not have an absolute right to withdraw a guilty plea prior to sentencing." *Xie* at paragraph one of the syllabus. Thus, when ruling on a presentence motion to withdraw a plea, the trial court is required to conduct a hearing in order to decide whether there is a reasonable and legitimate basis for withdrawal of the plea. *Id.* The decision to grant or deny such a motion is within the sound discretion of the trial court. *Id.* at paragraph two of the syllabus.

**{¶8}** A trial court does not abuse its discretion in denying a presentence motion to withdraw a guilty plea when the record reflects (1) the defendant was represented by competent counsel, (2) the defendant was given a full and proper Crim.R. 11 hearing before entering the plea, and (3) the trial court provided a hearing on the defendant's motion to withdraw that plea, during which the court gave full and fair consideration to the defendant's arguments in support of the motion. *State v. Zaslov*, 8th Dist. Cuyahoga No. 95470, 2011-Ohio-2786, ¶ 9.

**{¶9}** The record demonstrates that Ward was represented by competent counsel and was afforded a full Crim.R. 11(C) hearing,[1] during which he pleaded guilty to the amended charges. Ward acknowledged that he understood the court's explanation regarding the amended counts and potential prison terms, including the joint recommended sentence of 7 to 16 years in prison. Ward answered "no" when asked whether any threats or promises had been made to him other than what was said in open court and on the record.

**{¶10}** Moreover, having carefully reviewed the transcript, and despite Ward's claims to the contrary, the record clearly illustrates that he was afforded a full hearing on his motion on December 9, 2013. During the hearing, counsel for Ward informed the court that the defendant felt he was unduly influenced by his family to accept the plea bargain. Ward himself was afforded the opportunity to address the court during the hearing. He argued that he had been promised a prison term of eight years. A review of the plea hearing reveals that a range of 7 to 16 years was made clear to Ward *twice* during the course of the hearing, and he affirmed to the court that he understood.

**{¶11}** Thus, the record illustrates that Ward was provided a hearing on his motion and that the court gave full and fair consideration to his arguments. A motion to withdraw a plea predicated on "buyers remorse" that develops in anticipation of sentencing is not a legitimate basis upon which a guilty plea can be withdrawn. *See*

---

[1] Addressed in more detail in Ward's third assignment of error.

S*tate v. Minifee*, 8th Dist. Cuyahoga No. 99202, 2013-Ohio-3146, ¶ 28; *see also State v. Sagere*, 8th Dist. Cuyahoga No. 99484, 2013-Ohio-5244, ¶ 21.

**{¶12}** Therefore, the trial court did not abuse its discretion in denying Ward's motion to withdraw his plea.   Accordingly, the first assignment of error is overruled.

**Prosecutorial Misconduct**

**{¶13}** In his second assignment of error, Ward argues misconduct by the prosecutor denied him due process.

**{¶14}** Ward argues the prosecutor's use of a redacted ballistics report, mentioned by the prosecutor during sentencing, constituted prosecutorial misconduct.   The prosecutor said it was used in the course of the investigation of the incident, specifically during interviews with the other codefendants.   Ward argues that although a non-redacted ballistics report should have been fully discoverable, one was never provided to Ward's counsel and in turn his due process rights have been violated.   The state argues that the redacted ballistics report was used in an earlier case, and regardless, Ward fails to prove how he was prejudiced by the redacted report.

**{¶15}** The United States Supreme Court, in *Brady v. Maryland*, 373 U.S. 83, 87, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), held that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution."   *See also State v. Jackson*, 57 Ohio St.3d 29, 565 N.E.2d 549 (1991); *State v. Johnston*, 39 Ohio St.3d 48, 529 N.E.2d 898 (1988).

**{¶16}** In *United States v. Bagley*, 473 U.S. 667, 682, 105 S.Ct. 3375, 87 L.Ed.2d 481 (1984), the Supreme Court held that in determining whether the prosecution improperly suppressed evidence favorable to an accused, such evidence shall be deemed material "only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different. A 'reasonable probability' is a probability sufficient to undermine confidence in the outcome."

**{¶17}** There is no evidence in the record before this court as to whether or not Ward ever received the unredacted version of the ballistics report mentioned during Ward's sentencing hearing. Even if this court were to assume, arguendo, that Ward never received the unredacted version in the course of discovery, and that the unredacted version is favorable to his case, Ward must still prove that there is a reasonable probability that had the evidence been disclosed, the outcome of his case would have been different.

**{¶18}** The ballistics report, redacted or not, and the interviews during which the redacted version was used, *cleared* Ward of the murder charges he was originally indicted with. The report and testimony from the codefendants proved that Ward's gun did not fire the bullets that killed one victim and injured others. Redacted or not, the report is in large part responsible for Ward's amended indictment containing lesser charges than the original.

**{¶19}** Furthermore, Ward admitted to being at the party on the night of the shooting, to having a gun on his person, and to shooting the gun during the melee. His

own admissions, not the report, resulted in the charges contained in the amended complaint. Thus, Ward has unequivocally failed to illustrate that had he been provided the unredacted report, the outcome would have been different. Thus, Ward's due process rights were not violated.

{¶20} Accordingly, the second assignment of error is overruled.

## Privilege Against Self-Incrimination

{¶21} In his third assignment of error, Ward argues the trial court failed to properly explain his privilege against self-incrimination during the Crim.R. 11 plea colloquy.

{¶22} Whether the trial court accepted a plea in compliance with Crim.R. 11(C) is subject to de novo review. *State v. Jackson*, 8th Dist. Cuyahoga No. 99985, 2014-Ohio-706, ¶ 6. "'We are required to review the totality of the circumstances and determine whether the plea hearing was in compliance with Crim.R. 11(C).'" *Id*., quoting *State v. Schmick*, 8th Dist. Cuyahoga No. 95210, 2011-Ohio-2263, ¶ 6.

{¶23} In determining whether the trial court has satisfied its duties in accepting a plea under Crim.R. 11, reviewing courts distinguish between constitutional and nonconstitutional rights. *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621. A trial court must strictly comply with the mandates of Crim.R. 11(C)(2)(c) regarding the waiver of constitutional rights, meaning the court must actually inform the defendant of the constitutional rights he is waiving and make sure the defendant

understands them. *State v. Boggan*, 8th Dist. Cuyahoga No. 100096, 2014-Ohio-1428, ¶ 6, citing *Veney* at ¶ 27.

**{¶24}** Although a trial court must strictly comply with the mandates of Crim.R. 11(C) with respect to constitutional rights, that does not mean that the rule's exact language must be used verbatim. *State v. Freed*, 8th Dist. Cuyahoga No. 90720, 2008-Ohio-5742, ¶ 37. The Ohio Supreme Court has recognized that literal compliance with the wording of Crim.R. 11(C)(2) is not required and that the focus upon review is whether the record shows the trial court explained the right "in a manner reasonably intelligible to that defendant." *State v. Ballard*, 66 Ohio St.2d 473, 423 N.E.2d 115 (1981), paragraph two of the syllabus.

> [I]n informing the defendant of his right against compulsory self-incrimination, the court must make it clear that the defendant not only has the choice whether to testify, but that no force or compulsion may be used to sway the defendant's decision whether or not to testify in his own defense. Informing the defendant only that he has the "right" not to testify is not a sufficient explanation of this important constitutional right.

*State v. Burston*, 8th Dist. Cuyahoga No. 93645, 2010-Ohio-5120, ¶ 27 (Rocco, J., dissenting).

**{¶25}** The trial court asked Ward: "Do you understand if you enter a plea of guilty today you're waiving * * * [t]he right not to testify at trial, and no one can use that against you?" Ward responded affirmatively. It is evident that Ward was informed of both his right not to testify at trial and, that in choosing not to, his choice cannot be used against him in any way. *See also State v. Madaris*, 156 Ohio App.3d 211, 2004-Ohio-653, 805 N.E.2d 150, ¶ 5 (1st Dist.) ("Do you understand that by pleading you are giving up your

right to a trial at which you cannot be made to testify against yourself?" was found to comply with Crim.R. 11(C)(2)(c)).

**{¶26}** Thus, we find the trial court complied with Crim.R. 11(C)(2)(c). Accordingly, the third assignment of error is overruled.

**{¶27}** Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

EILEEN T. GALLAGHER, JUDGE

EILEEN A. GALLAGHER, P.J., and
PATRICIA ANN BLACKMON, J., CONCUR