[Cite as *State v. Bailey*, 2024-Ohio-5476.]

# COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                              :

    Plaintiff-Appellee,                  :

                             No. 113222

    v.                                   :

BRYAN BAILEY,                              :

    Defendant-Appellant.                 :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:**  AFFIRMED
**RELEASED AND JOURNALIZED:**  November 21, 2024

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-21-664300-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Andrea Isabella, Assistant Prosecuting Attorney, *for appellee*.

Cullen Sweeney, Cuyahoga County Public Defender, and John T. Martin, Assistant Public Defender, *for appellant*.

EMANUELLA D. GROVES, J.:

{¶ 1} Defendant-appellant, Bryan Bailey ("Bailey"), appeals the trial court's denial of his motion to withdraw his no contest plea to felony drug charges and the

trial court's imposition of consecutive sentences. For the reasons that follow, we affirm.

**Procedural History and Facts**

{¶ 2} As a result of a search warrant executed on August 4, 2021, Bailey was indicted on the following five counts: drug trafficking (methamphetamine) in violation of R.C. 2925.03(A)(2), a felony of the third degree (Count 1); drug possession (methamphetamine) in violation of R.C. 2925.11(A), a felony of the third degree (Count 2); drug trafficking (oxycodone/acetaminophen), in violation of R.C. 2925.11(A)(2), a felony of the fourth degree (Count 3); drug possession (oxycodone/acetaminophen) in violation of R.C. 2925.11, a felony of the fifth degree (Count 4); and drug possession (cocaine) in violation of R.C. 2925.11(A), a felony of the fifth degree (Count 5).

{¶ 3} On August 7, 2023, Bailey pleaded no contest to all five counts. Subsequently, on August 30, 2023, the trial court sentenced Bailey to 36 months on Count 1; 36 months on Count 2; 18 months on Count 3; and 12 months each on Counts 4 and 5. Counts 1 and 3 were ordered to be served consecutively and the remaining counts served concurrently. The aggregate sentence was 54 months' imprisonment and potentially up to two years' postrelease control. Bailey then requested to withdraw his pleas, stating, "I didn't know I was facing all this." The trial court denied his request to withdraw his plea.

{¶ 4} As a result, Bailey appealed.

## Assignment of Error No. 1

The trial court erred when it imposed consecutive sentences without finding that consecutive sentences are not disproportionate to the danger the defendant poses to the public.

## Assignment of Error No. 2

The trial court erred when it summarily denied Mr. Bailey's motion to withdraw his pleas of no contest.

**Law and Analysis**

{¶ 5} Bailey's first assignment of error alleges the trial court erred when it imposed consecutive sentences without finding such sentence was not disproportionate to the danger Bailey poses to the public.

{¶ 6} Preliminarily, we review felony sentences under the standard set forth in R.C. 2953.08(G)(2). *State v. Marcum*, 2016-Ohio-1002, ¶ 16. R.C. 2953.08(G)(2) provides that when reviewing felony sentences, a reviewing court may overturn the imposition of consecutive sentences where the court "clearly and convincingly" finds that (1) "the record does not support the sentencing court's findings under . . ." R.C. 2929.14(C)(4) or (2) "the sentence is otherwise contrary to law."

{¶ 7} R.C. 2929.14(C)(4) provides that in order to impose consecutive sentences, the trial court must find that consecutive sentences are (1) necessary to protect the public from future crime or to punish the offender, (2) that such sentences would not be disproportionate to the seriousness of the conduct and to the danger the offender poses to the public, and (3) that one of the following applies:

> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction

imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under postrelease control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶ 8} To be in conformity with R.C. 2929.14(C)(4), the trial court is required to make the statutory findings at the sentencing hearing, which means that "'the [trial] court must note that it engaged in the analysis' and that it 'has considered the statutory criteria and specifie[d], which of the given bases warrants its decision.'" (Bracketed text in original). *State v. Bonnell*, 2014-Ohio-3177 at ¶ 26, quoting *State v. Edmonson*, 86 Ohio St.3d 324, 326 (1999).

{¶ 9} "To this end, a reviewing court must be able to ascertain from the record evidence to support the trial court's findings." *State v. Wells*, 2021-Ohio-2585, ¶ 71 citing *Bonnell* at ¶ 29. "A trial court is not, however, required to state its reasons to support its findings, nor is it required to [recite verbatim] the statutory language, 'provided that the necessary findings can be found in the record and are incorporated in the sentencing entry.'" *State v. Sheline*, 2019-Ohio-528, ¶ 176 (8th Dist.), quoting *Bonnell* at ¶ 37.

{¶ 10} In this matter, Bailey contends the trial court failed to find a consecutive sentence was not disproportionate to the danger Bailey poses to the

public. The record reveals that the trial court made the requisite findings. In satisfaction of this requirement, the trial court first reviewed Bailey's criminal record with him. The court noted Bailey's robbery, felonious assault, domestic violence, and aggravated menacing history. Additionally, the trial court referenced Bailey's prior violations of court supervision, when given the opportunity. The court concluded:

> [C]onsecutive sentences are necessary given your criminal history and they're not disproportionate to the crime committed here, two drug trafficking counts are running consecutive to each other. And they are necessary to protect the public. Given your prior criminal history, it's very likely that you'll offend again.

{¶ 11} The record clearly supports the trial court's finding.

{¶ 12} Based on the foregoing, we find the trial court made the necessary findings, pursuant to R.C. 2929.14(C)(4), before imposing consecutive sentences. Our review of the record indicates that the trial court engaged in the proper analysis and weighed the appropriate factors in imposing the sentence. As such, we find Bailey's assertion lacks merit and overrule the first assignment of error.

{¶ 13} In his second assignment of error Bailey alleges the trial court erred in denying his request to withdraw his plea. Bailey claims the trial court erred when it failed to hold any hearing at all when Bailey orally moved to withdraw his pleas of no contest. Additionally, Bailey asserts that the trial court should have advised him that the prison term for multiple offenses could be ordered to be served consecutively.

{¶ 14} Notably, "[a] trial court is not required to hold a hearing on every postsentence motion to withdraw a guilty plea"; a hearing is only required "if the facts alleged by the defendant, accepted as true, would require that the defendant be allowed to withdraw the plea." *State v. D-Bey*, 2021-Ohio-60, ¶ 57 (8th Dist.), citing *State v. Norman*, 2018-Ohio-2929, ¶ 16 (8th Dist.), quoting *State v. Vihtelic*, 2017-Ohio-5818, ¶ 11 (8th Dist.).

{¶ 15} Preliminarily, the standard of review for motions to withdraw a guilty and no-contest pleas is the same. *State v. Zaslov*, 2011-Ohio-2786, ¶ 7 (8th Dist.), citing *State v. Posta*, 37 Ohio App.3d 144, 145 (1988). The decision to grant or deny such a motion is reviewed for an abuse of discretion. *State v. Caraballo*, 17 Ohio St.3d 66, 67 (1985). An abuse of discretion occurs when a court's decision is unreasonable, arbitrary, or unconscionable. *State v. Hill,* 2022-Ohio-4544, ¶ 9, citing *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

> A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea.

Crim.R. 32.1.

{¶ 16} It is well settled that due process, as expressed in Crim.R. 11, requires the trial court to ensure that a change of plea is made knowingly, intelligently, and voluntarily. Crim.R. 11(C)(2). *State v. Robinson*, 2022-Ohio-1311, ¶ 20 (8th Dist.). *See State v. Engle*, 74 Ohio St.3d 525, 527 (1996). ("When a defendant enters a plea in a criminal case, the plea must be made knowingly, intelligently, and

voluntarily. Failure on any of those points renders enforcement of the plea unconstitutional under both the United States Constitution and the Ohio Constitution.").

{¶ 17} Before concluding that a trial court complied with Crim.R. 11, we must determine if the record reflects that the court personally addressed the defendant, the decision to change his plea was voluntary, and the defendant understood the nature of the charges and the maximum penalties he faced. Crim.R. 11(C)(2)(a)-(b). Furthermore, we must determine whether the trial court ensured that the defendant understood his constitutional rights and that his guilty plea would waive these rights Crim.R. 11(C)(2)(c).

{¶ 18} The purpose of Crim.R. 11(C) is to provide the defendant with relevant information so that he or she can make a voluntary and intelligent decision whether to plead guilty. *State v. Ballard*, 66 Ohio St.2d 473, 480 (1981). Before accepting a defendant's guilty plea in a felony case, the trial court must comply with Crim.R. 11(C) and "conduct an oral dialogue with the defendant to determine that the plea is voluntary, and the defendant understands the nature of the charges and the maximum penalty involved, and to personally inform the defendant of the constitutional guarantees he [or she] is waiving by entering a guilty plea." *State v. Martin*, 2010-Ohio-244, ¶ 5 (8th Dist.).

{¶ 19} In *State v. Dangler*, 2020-Ohio-2765, the Supreme Court of Ohio clarified the focus in reviewing a trial court's conformity with Crim.R. 11. *State v. Robinson*, 2022-Ohio-1311, ¶ 22 (8th Dist.). The Supreme Court of Ohio explained

that the focus in reviewing pleas is not "on whether the trial judge has '[incanted] the precise verbiage' of the rule, . . . but on whether the dialogue between the court and the defendant demonstrates that the defendant understood the consequences of his plea." *Id.,* citing *Dangler* at ¶ 12, quoting *State v. Stewart*, 51 Ohio St.2d 86, 92 (1977).

{¶ 20} "Properly understood, the questions to be answered are simply: (1) has the trial court complied with the relevant provision of the rule? (2) if the court has not complied fully with the rule, is the purported failure of a type that excuses a defendant from the burden of demonstrating prejudice? and, (3) if a showing of prejudice is required, has the defendant met that burden?" *Dangler* at ¶ 17.

{¶ 21} Here, the trial court conducted an oral dialogue with Bailey. The trial court advised Bailey of the constitutional rights he was giving up by entering his plea. After advising him of those rights, the trial court asked Bailey if he understood those rights and if he was giving up those rights. Bailey answered affirmatively to both questions. Next, the trial court advised Bailey of the penalties for all his charges. Lastly, the trial court asked Bailey if he understood the court is making no promises to him regarding his sentence if the court finds him guilty. Again, Bailey indicated that he understood. A review of the record demonstrates that the trial court complied with the relevant provisions of Crim.R. 11(C).

{¶ 22} Bailey's assertion that the trial court was required to include an advisement regarding consecutive sentence is unpersuasive. This court has rejected this assertion. *State v. Vinson*, 2016-Ohio-7604, ¶ 24 (8th Dist.). "Where the

imposition of consecutive sentences is discretionary with the trial court, the Ohio Supreme Court has held that '[f]ailure to inform a defendant who pleads guilty to more than one offense that the court may order him to serve any sentences imposed consecutively, rather than concurrently, is not a violation of Crim.R. 11(C)(2), and does not render the plea involuntary.'" (Bracketed text in original). *Id.*, citing *State v. Johnson*, 40 Ohio St.3d 130, 134 (1988), syllabus. Consequently, Bailey has failed to demonstrate the denial of his motion to withdraw was a manifest injustice. Accordingly, the trial court's decision to deny his motion was not an abuse discretion. Therefore, the second assignment of error is overruled.

{¶ 23} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

---

EMANUELLA D. GROVES, JUDGE

EILEEN A. GALLAGHER, P.J., and
EILEEN T. GALLAGHER, J., CONCUR