[Cite as *State v. Starr*, 2016-Ohio-1004.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| STATE OF OHIO | : | Hon. Sheila G. Farmer, P.J. |
|  | : | Hon. W. Scott Gwin, J. |
| Plaintiff-Appellee | : | Hon. Patricia A. Delaney, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 15-CA-36 |
| MARK M. STARR | : |  |
|  | : |  |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING: Criminal appeal from the Richland County
Court of Common Pleas, Case No.
2014CR0240D

JUDGMENT: Affirmed


DATE OF JUDGMENT ENTRY: March 11, 2016


APPEARANCES:

For Plaintiff-Appellee

MELISSA ANGST
Assistant Prosecuting Attorney
38 South Park Street
Mansfield, OH 44902

For Defendant-Appellant

CASSANDRA MAYER
452 Park Ave. West
Mansfield, OH 44906

*Gwin, J.*

{¶1}   Appellant Mark M. Starr ["Starr"] appeals his convictions and sentences on one count of Trafficking in Heroin, near a juvenile, a felony of the first degree and one count of Possession of Heroin, near a juvenile, a felony of the second degree.

*Facts and Procedural History*

{¶2}   On June 6, 2014, Starr was indicted by the Richland County Grand Jury on one count of trafficking heroin in the vicinity of a school zone and/or juvenile with two (2) forfeiture specifications, in violation of R. C. 2925.03(A)(2) & (C)(6)(c), a felony of the first degree and one count of possession of heroin in the vicinity of school zone and/or juvenile with two (2) forfeiture specifications, in violation of R. C. 2925.11(A) &(C)(6)(d), a felony of the second degree.

{¶3}   A Motion to Suppress and/or Limit the Use of Evidence was filed on October 21, 2014 and an evidentiary hearing on the motion occurred on November 12, 2014.  The trial court denied Starr's motion to suppress.

{¶4}   On February 24, 2014, a change of plea hearing occurred two days prior to the scheduled start of Starr's jury trial.

{¶5}   The trial judge provided Starr time to privately review the written explanation of rights with his attorney.  After the meeting, Starr's attorney requested to approach the bench and stated, "he would like to enter no contest pleas and submit to a finding of guilty by the Court just in case he decides at some point to challenge his suppression hearing." The judge responded, "...he's going to be pleading, I am ordering a presentence investigation and so I need guilty pleas, otherwise he can have his trial tomorrow if he wants."

{¶6}    After another private conversation between Starr and his counsel, his attorney informed the trial court that, "he's ok with that then." After subsequent questions by the judge about his understanding and if he had any questions of his counsel or of the trial court, Starr responded, "I'm just ready to get this over with." (TR 12: 14-15). Starr plead guilty and a presentence investigation was ordered.

{¶7}    Starr was sentenced on or about March 16, 2015, to a term of mandatory incarceration of seven years.

*Assignment of Error*

{¶8}    Starr raises one assignment of error,

{¶9}    "I. THE TRIAL COURT ERRED AND USED ITS DISCRETION WHEN IT REFUSED TO ACCEPT DEFENDANT'S NO CONTEST PLEA TO THE INDICTMENT."

*Law and Analysis*

{¶10}   In his sole assignment of error, Starr maintains that his plea was not knowingly, voluntarily or intelligently entered as the trial court refused to accept his no contest plea to allow him to appeal the denial of pre-trial motions.

In *State v. Lovelace,* this Court observed,

This Court has indeed recognized that a defendant, by entering a guilty plea, waives the right to raise on appeal the propriety of a trial court's suppression ruling. *See State v. Bennett*, 5th Dist. Stark No.2013CA00097, 2013–Ohio–4453, ¶ 10, *citing State v. Elliott*, 86 Ohio App.3d 792, 621 N.E.2d 1272 (12th Dist.1993). Also, in *State v. Pepper*, 5th Dist. Ashland No. 13 COA 019, 2014–Ohio–364, this Court emphasized: "In the review of an attempt to withdraw * * * [a] negotiated plea after the fact, we must * * * bear in mind that

the trial court is under a duty pursuant to Crim.R 11 to ensure that the plea comports with constitutional standards." Id. at ¶ 40, *citing State v. Stowers*, 8th Dist. Cuyahoga No. 48572, 1985 WL 7495 (additional citations omitted).

**{¶11}** Crim. R. 11 requires guilty pleas to be made knowingly, intelligently and voluntarily. A trial court has the discretion to accept or reject a no contest plea. *State v. Jenkins*, 15 Ohio St.3d 164, 473 N.E.2d 264(1984). "The plea of no contest is not an admission of defendant's guilt, but is an admission of the truth of the facts alleged in the indictment, information, or complaint, and the plea or admission shall not be used against the defendant in any subsequent civil or criminal proceeding." Crim.R. 11(B)(2). A no contest plea does not preclude defendant from asserting, on appeal, that the trial court erred in ruling on a pretrial motion. Crim.R. 12(H).

**{¶12}** Although literal compliance with Crim. R. 11 is preferred, the trial court need only "substantially comply" with the rule when dealing with the non-constitutional elements of Crim.R. 11(C). *State v. Ballard*, 66 Ohio St.2d at 475, 423 N.E.2d at 117, *citing State v. Stewart*, 51 Ohio St.2d 86, 364 N.E.2d 1163(1977). In *State v. Griggs*, 103 Ohio St.3d 85, 2004-Ohio-4415, 814 N.E.2d 51, ¶ 12, the Ohio Supreme Court noted the following test for determining substantial compliance with Crim.R. 11:

Though failure to adequately inform a defendant of his constitutional rights would invalidate a guilty plea under a presumption that it was entered involuntarily and unknowingly, failure to comply with non-constitutional rights will not invalidate a plea unless the defendant thereby suffered prejudice.[State v. Nero (1990), 56 Ohio St.3d 106,] 108, 564 N.E.2d 474. The test for prejudice is 'whether the plea would have otherwise been

made.' Id. Under the substantial-compliance standard, we review the totality of circumstances surrounding [the defendant's] plea and determine whether he subjectively understood [the effect of his plea]." *See, State v. Sarkozy*, 117 Ohio St.3d 86, 2008-Ohio-509 at ¶ 19-20.

**{¶13}** In determining whether the trial court has satisfied its duties under Crim.R. 11 in taking a plea, reviewing courts have distinguished between constitutional and non-constitutional rights. *State v. Clark*, 119 Ohio St.3d 239, 893 N.E.2d 462, 2008-Ohio-3748 at ¶ 32; *State v. Aleshire*, 5th Dist. Licking No. 2007-CA-1, 2008-Ohio-5688, ¶10. The trial court must strictly comply with those provisions of Crim.R. 11(C) that relate to the waiver of constitutional rights. *State v. Clark*, 119 Ohio St.3d at 244, 893 N.E.2d at 499, 2008-Ohio-3748, ¶ 31.

**{¶14}** Starr does not argue or allege that the trial court judge failed to satisfy his duties under Crim. R. 11 in taking the plea; rather Starr asserts that under the totality of the circumstances, the trial court's summary denial of his no contest plea caused his guilty plea to be involuntary.

**{¶15}** We are not faced with a situation in which the trial court has a blanket policy of rejecting no contest pleas. *See, State v. Fitzgerald*, 188 Ohio App.3d 701, 2010-Ohio-3721, 936 N.E.2d 585(8th Dist. 2010); *State v. Carter*, 124 Ohio App.3d 423, 427-428, 706 N.E.2d 409(2nd Dist. 1997). We further note that Crim.R. 11(C)(2) does not require a trial court to list its reasons for rejecting a no-contest plea. We also note that the record does not demonstrate that the state agreed to a no-contest plea.

{¶16} The record supports a finding that Starr was aware of the distinction between a no contest plea and a guilty plea, was represented by competent counsel, and knowingly and voluntarily chose to plead guilty.

{¶17} A trial court has discretion to accept or reject a no contest plea. *State v. Jenkins,* 15 Ohio St.3d 164, 222, 473 N.E.2d 264(1984). In fact, a defendant has no constitutional right to have his guilty plea accepted. *See North Carolina v. Alford,* 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162(1970); *Jenkins,* 15 Ohio St.3d at 222-223, 473 N.E.2d 264.

{¶18} In *State v. Nezalova* cited by Starr, the Court of appeals found the trial court abused its discretion in failing to accept the defendant's no contest plea. 10th Dist. Franklin Nos. 00AP-1246, 01AP-1067, 00AP-1245, 01AP-1068, 2002-Ohio-3081. The Court of Appeals observed,

We cannot say with absolute certainty that appellants' guilty pleas and waiver of their right to appeal the denial of the pretrial motions, were not clouded or tainted by the trial court's refusal to accept their no contest pleas, and the trial court's perceived urgency to complete the proceedings of the case to allow the court's staff to have an adequate lunch break before the jurors returned.

Id. at ¶47. In the case at bar, the trial judge exercised his discretion to refuse to accept a no contest plea. The trial judge did not express any concern for urgency and gave Starr the opportunity to discuss the plea with his attorney. (T., Change of Plea Hearing, Feb 24, 2015 at 11-12]. After the discussion, Starr's defense attorney advised the judge, "Your Honor, he's okay with that then." Id.

**{¶19}**　In *State v. Harper* cited by Starr[1] the Court found,

> In the case *sub judice*, the court stated that on a plea of no contest, "all deals are off as far as the minimum sentence is concerned, since he's going to appeal." This statement and the other statements highlighted above not only indicate the judge's improper involvement in plea bargaining, but also that the judge did not wish to accept a no-contest plea in order to prevent defendant's exercise of his right to appeal. We are constrained to conclude that the trial court abused its discretion by basing its decision whether to accept a no-contest plea upon such inappropriate considerations.

47 Ohio App.3d 109, 112, 547 N.E.2d 395(1st Dist. 1988). In the case at bar, the trial judge did not express any desire to prevent Starr from appealing the denial of his motion to suppress as the reason for refusing a no contest plea. Nor does the record indicate that the judge was involved in the plea bargaining process. As previously noted nothing in the record before this court does not indicates that the state had agreed to a no contest plea.

**{¶20}**　Starr was arraigned on June 24, 2014. A jury trial had been scheduled for August 21, 2014. On August 18, 2014, Starr filed a motion to continue the trial date. The trial court granted Starr's request to continue the trial date by judgment entry filed August 20, 2014. A new trial date was scheduled for October 9, 2014. On October 6, 2014, Starr's attorney filed a motion to continue the October 9, 2014 trial date. The trial court granted the request by Judgment Entry filed October 8, 2014. A new trial date was scheduled for November 11, 2014.

---

[1] Starr mistakenly cites this case as *State v. Harper,* 47 Ohio St.3d 109. See, Appellant's Brief at 8. The proper citation is *State v. Harper,* 47 Ohio App.3d 109, 547 N.E.2d 395(1st Dist. 1988).

**{¶21}** On October 9, 2014, the trial court issued a bench warrant for Starr for failing to abide by the terms of his pre-trial release.

**{¶22}** On October 21, 2014, Starr filed a motion to suppress. By Judgment Entry filed November 7, 2014, the trial court continued the trial date in order to conduct a hearing on Starr's motion to suppress on November 12, 2014.

**{¶23}** On October 28, 2014, Starr's bond was modified by the trial court.

**{¶24}** An oral hearing on Starr's motion to suppress was held on November 12, 2014. The trial court overruled the motion by judgment entry filed November 17, 2014.

**{¶25}** On December 4, 2014, Starr's probation officer filed a motion to revoke Starr's bond on the ground that on December 4, 2014, Starr had been stopped in Ashland in a possibly stolen vehicle and was in possession of marijuana and possibly heroin. A bench warrant was issued for Starr on December 5, 2014.

**{¶26}** By judgement entry filed January 8, 2015, the trial court continued the trial date to January 15, 2015. On January 12, 2015, Starr's attorney filed a motion to continue the trial date and a demand for additional discovery. By Judgment Entry filed January 16, 2015, the trial judge granted the continuance and scheduled a new trial date for February 26, 2015. Starr entered his plea in open court on February 24, 2015.

**{¶27}** Over eight months elapsed from Starr's arraignment to his decision to enter his plea. The decision came after numerous continuances and a mere two days before his scheduled jury trial. The trial judge also had before him the fact that during this eight-month period, two bench warrants had been issued for Starr due to his non-compliance with the terms of his pre-trial release. Starr had also been in possession of controlled and possible controlled substances during this time.

**{¶28}** In *State v. Kuhner,* the Court found,

> The trial judge did not give Kuhner an ultimatum of pleading guilty in order to partake in the recommended sentence by the prosecutor, nor was his reason for refusing to accept the no-contest plea to prevent Kuhner from appealing his ruling on the motion to suppress. The trial judge based his decision of not accepting the no-contest plea on the timing of the motion to change the plea, as Kuhner sought to change his plea and accept the sentence recommendation two days before his scheduled trial.

154 Ohio St.3d 457, 2003-Ohio-4631, 797 N.E.2d 992(3rd Dist.), ¶11

**{¶29}** Simply put, there is no evidence before this Court, in any form, that the trial court interjected itself into the plea negotiations. Based upon the colloquy that occurred on the record, we can only conclude that in accepting Starr's plea, the trial court met its burdens as outlined in Crim.R. 11. The trial court clearly informed Starr of the impact that his guilty plea would have upon his rights. There is no indication in the record that Starr did not knowingly and voluntarily enter his guilty plea. Starr willfully chose to plead guilty while fully aware that he was not required to do so, in an attempt to minimize the sentence to be imposed on the charges. During the course of the plea hearing, Starr expressly acknowledged his awareness of the fact that he was pleading guilty and thereby waiving his right to appeal suppression issues.

**{¶30}** A trial judge is within the bounds of his discretion in refusing a no-contest plea based on procedural considerations in the particular case before him. We find no abuse of discretion on the part of the trial court with regard to the denial of the no-contest plea. *Kuhner,* ¶13.

**{¶31}**   Starr's sole assignment of error is overruled.

**{¶32}**   The judgment of the Richland County Court of Common Pleas is affirmed.


By Gwin, J.,

Farmer, P.J., and

Delaney, J., concur