[Cite as *State v. Armstrong*, 2019-Ohio-2843.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| STATE OF OHIO, | : | JUDGES: |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff - Appellee | : | Hon. Craig R. Baldwin, J. |
| | : | Hon. Earle E. Wise, J. |
| -vs- | : | |
| | : | |
| SHANNON ARMSTRONG, | : | Case No. 18CA59 |
| | : | |
| Defendant - Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:     Appeal from the Richland County
                            Court of Common Pleas, Case No.
                            2018-CR-0153


JUDGMENT:                   Affirmed


DATE OF JUDGMENT:           July 11, 2019


APPEARANCES:

For Plaintiff-Appellee                For Defendant-Appellant

GARY BISHOP                           RANDALL E. FRY
Prosecuting Attorney                  10 West Newlon Place
Richland County, Ohio                 Mansfield, Ohio 44902


By: JOSEPH C. SNYDER
Assistant Prosecuting Attorney
38 South Park Street
Mansfield, Ohio 44902

*Baldwin, J.*

**{¶1}**   Shannon Armstrong appeals the Richland County Court of Common Pleas rejection of his no contest plea.

## STATEMENT OF FACTS AND THE CASE

**{¶2}**   The facts leading to the charges filed against Appellant are not needed for the disposition of this appeal and are therefore omitted.

**{¶3}**   The Grand Jury issued an indictment of Appellant listing two counts of operation of a motor vehicle while under the influence of alcohol or a drug of abuse in violation of R.C. 4511.19(A)(l)(a), (A)(l)(f) and (G)(l)(c), four counts of aggravated vehicular assault in violation of R.C. 2903.08(A)(l)(a), (B)(1) and (B)(l)(g), and two counts of vehicular assault in violation of R.C. 2903.08(A)(2)(b).

**{¶4}**   Appellant appeared before the trial court on May 25, 2018 and after the trial court reviewed Appellant's rights and the maximum penalties, Appellant attempted to enter a no contest plea and the following exchange took place:

MR. BOYD: Your Honor, there's no agreement. I have had discussions with my client. We're pleading to the indictment in its entirety. Parts of the argument for sentencing (inaudible) wanted to let the court to know that, because there's no plea agreement. He admits (inaudible) to a no-contest plea (inaudible) submits to a finding of guilt (inaudible) the financial liability piece of that.

THE COURT: I believe I told you the other day I would not accept a no-contest plea. I am insisting on a guilty plea if he wants to plead guilty.

MR. BOYD: Your Honor, you had indicated that, and it was my understanding from that conversation that if there was any agreement on any of the components, that it's been my belief that he could submit a no-contest plea to the indictment in its entirety.

THE COURT: Okay. It's my understanding that I can refuse to accept it and the prosecutor can object to a no-contest plea.

MS. BOYER: And we would be, Your Honor.

MR. BOYD: Okay. May I have a moment to discuss...

THE COURT: Sure.

MR. BOYD: Thank you. If he refuses to object it, I'll note my objection. (The audio recording is stopped and started again.)

THE BAILIFF: We are back on the record.

MR. BOYD: Your Honor, per my client, he will enter a guilty plea. I'll just note my objection to the court's refusal to accept a no-contest plea.

THE COURT: Okay. Sure.

MR. BOYD: Thank you.

{¶5}     Appellant's guilty plea was accepted and he was sentenced to prison for eleven years.  He filed a timely notice of appeal and submitted one assignment of error:

{¶6}     "I. THE TRIAL COURT ABUSED ITS DISCRETION BY NOT ACCEPTING THE "NO CONTEST PLEA" OF THE APPELLANT."

## STANDARD OF REVIEW

R.C. 2943.03 provides in part: "* * * The court may, for good cause shown, allow a change of plea at any time before the commencement of the trial."

Crim.R. 11(C)(2) provides, in relevant part: "In felony cases the court may refuse to accept a plea of guilty or a plea of no contest * * *."

These provisions give the court discretion in determining whether to accept a change of plea.

*State v. Jenkins*, 15 Ohio St.3d 164, 222, 473 N.E.2d 264, 314 (1984).

**{¶7}**  "A trial court has discretion to accept or reject a no-contest plea. See Crim.R. 11(A) (defendant may plead no contest with the consent of the court). *473 The court's decision will not be reversed absent an abuse of discretion. See *State v. Jenkins*, 15 Ohio St.3d 164, 223, 473 N.E.2d 264 (1984)." *State v. Beasley*, 152 Ohio St.3d 470, 2018-Ohio-16, 97 N.E.3d 474 (2018).

**{¶8}**  We review the decision of the trial court, therefore, for an abuse of discretion.  "The term 'abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." *Blakemore v. Blakemore,* 5 Ohio St.3d 217, 219, 450 N.E.2d 1140, 1142 (1983).

## ANALYSIS

**{¶9}**  We addressed a similar situation and our findings in that case are applicable to the case at bar:

[w]e are not faced with a situation in which the trial court has a blanket policy of rejecting no contest pleas. See, *State v. Fitzgerald,* 188 Ohio App.3d 701, 2010–Ohio–3721, 936 N.E.2d 585(8th Dist.2010); *State v. Carter,* 124 Ohio App.3d 423, 427–428, 706 N.E.2d 409(2nd Dist.1997). We further note that Crim.R. 11(C)(2) does not require a trial court to list its reasons for rejecting

a no-contest plea. We also note that the record does not demonstrate that the state agreed to a no-contest plea.

*State v. Starr,* 5th Dist. Richland No. 15-CA-36, 2016-Ohio-1004, ¶¶ 15-16.

**{¶10}** While the trial court did reference a prior conversation with Appellant's defense counsel reminding him that the court previously disclosed that it would not accept a no contest plea, there is no evidence in the record that the trial court expressed any concern for urgency and the trial judge did allow Appellant the opportunity to discuss the plea with his attorney. *Id.* at 18. Counsel for the state indicated that she objected to a no contest plea and there is nothing in the record to support an improper motive on the part of the trial court, nor is there any evidence that the trial court was involved in the plea bargaining process. Appellant's contention that the trial court involved itself in the plea bargaining process by rejecting the no contest plea is refuted by the provision in Crim.R. 11 that grants the trial court discretion to accept or reject the plea. Therefore, we disagree that the rejection of the no contest plea alone is evidence of the trial court's participation in the plea bargaining process.

**{¶11}** Our conclusion in *Starr, supra* at ¶29, is equally applicable in this case:

Simply put, there is no evidence before this Court, in any form, that the trial court interjected itself into the plea negotiations. Based upon the colloquy that occurred on the record, we can only conclude that in accepting [Armstrong's] plea, the trial court met its burdens as outlined in Crim.R. 11. The trial court clearly informed [Armstrong] of the impact that his guilty plea would have upon his rights. There is no indication in the record that [Armstrong] did not knowingly and voluntarily enter his guilty plea.

[Armstrong] willfully chose to plead guilty while fully aware that he was not required to do so, in an attempt to minimize the sentence to be imposed on the charges. During the course of the plea hearing, [Armstrong] expressly acknowledged his awareness of the fact that he was pleading guilty and thereby waiving his right to appeal suppression issues.

{¶12} Criminal Rule 11(A) expressly grants the trial court discretion to reject a no contest plea. After review of the record for any evidence that the trial court's attitude was unreasonable, arbitrary or unconscionable, we can find nothing that would support a conclusion that the trial court abused its discretion.

{¶13} The Appellant's assignment of error is overruled and the decision of the Richland County Court of Common Pleas is affirmed.

By: Baldwin, J.

Hoffman, P.J. and

Wise, Earle, J. concur.