The STATE of Ohio, Appellee,

v.

FITZGERALD, Appellant.

[Cite as *State v. Fitzgerald,* 188 Ohio App.3d 701, 2010-Ohio-3721.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 93564.

Decided Aug. 12, 2010.

ANN DYKE, Judge.

{¶ 1} Defendant, Donnell Fitzgerald, appeals from his convictions for felonious assault and disrupting public cellular service. Defendant challenges, inter alia, the trial court's refusal to accept his plea agreement with the state in accordance with its standing order on plea agreements deemed to be untimely. For the reasons that follow, and pursuant to our recent opinion in *State v. Switzer,* Cuyahoga App. No. 93533, 2010-Ohio-2473, 2010 WL 2206399, we reverse and remand for proceedings consistent with this opinion.

{¶ 2} Defendant was indicted pursuant to a four-count indictment on September 30, 2008, in connection with an alleged attack on John Trzaskowski. Count 1 charged defendant with felonious assault, Counts 2 and 3 charged him with kidnapping, and Count 4 charged him with disrupting public cellular service.

{¶ 3} Defendant pleaded not guilty and subsequently entered into a plea agreement with the state. According to the defense, immediately after receiving discovery in this matter, defense counsel informed the trial court in November 2008 that a plea agreement had been reached. The trial court refused to accept the plea agreement, in accordance with its standing order, because the plea was not finalized before the trial court in advance of the scheduling of trial.

{¶ 4} The matter then proceeded to a jury trial on November 25, 2008. The trial court subsequently entered a judgment of acquittal as to the kidnapping counts. Defendant was later convicted of the charges of felonious assault and disrupting public cellular service, and sentenced to a total of five years of imprisonment. Defendant now appeals and assigns two errors for our review.

{¶ 5} For his first assignment of error, defendant asserts that the trial court erred in refusing to accept the plea deal that he worked out with the prosecuting attorney's office.

{¶ 6} In *State v. Switzer*, 2010-Ohio-2473, 2010 WL 2206399, this court considered the same policy at issue here, promulgated by the same judge. We held:

{¶ 7} "A trial court * * * abuses its discretion when it rejects a plea agreement by relying on a blanket policy rather than considering the facts and circumstances of the particular case. *State v. Raymond,* Franklin App. No. 05AP–1043, 2006-Ohio-3259[, 2006 WL 1750953], at ¶ 15; *State v. Graves* (Nov. 19, 1998), Franklin App. No. 98AP–272[, 1998 WL 808356] (finding an abuse of discretion after trial court refused the defendant's plea based upon its blanket policy of not accepting no contest pleas); *State v. Hunt* (Oct. 22, 1985), Scioto App. No. 1536, 1985 WL 8359 (finding abuse of discretion when the trial court refused to accept a plea agreement because it had a policy of rejecting agreements after jury cards were mailed to prospective jurors in a case). See, also, *United States v. Miller* (C.A.9, 1983), 722 F.2d 562, 565 (finding categorical rules limiting the type of plea bargains a court can accept impermissible).

{¶ 8} "In *State v. Raymond,* supra, the trial court rejected a plea agreement reached by the state and the defendant due to its 'blanket policy of not accepting "pleas from people that don't think they did anything wrong." ' Id. at ¶ 11. In finding that the trial court abused its discretion in employing its overarching policy rather than examining the particular circumstances of the case, the Tenth District reasoned the following:

{¶ 9} " 'Under those circumstances, the trial court's refusal to accept appellant's plea was an abuse of discretion, or more precisely, it was a refusal to exercise the court's discretion. The trial court arbitrarily refused to consider the facts and circumstances presented, "but instead relied on a fixed policy established at its whim." *State v. Graves* (Nov. 19, 1998), 10th Dist. No. 98AP–272[, 1998 WL 808356], * * * quoting [*State v.*] *Carter* [(1997), 124 Ohio App.3d 423, 428, 706 N.E.2d 409]. The *Graves* court held, "[a]lthough the trial court has the discretion to refuse to accept a no-contest plea, it must exercise its discretion based on the facts and circumstances before it, not on a blanket policy that affects all defendants regardless of their circumstances." *Graves*, supra, at 10.' Id.

{¶ 10} "Here, the trial court refused to accept the plea agreement reached by the state and appellant based on its unvaried policy of not accepting plea agreements on the day of trial. Under these circumstances, the trial court abused [its] discretion when it employed its blanket policy rather than examining the particular facts and circumstances of the case. Accordingly, we reverse and remand to the trial court for proceedings consistent with this opinion." *Switzer*, 2010-Ohio-2473, 2010 WL 2206399, at ¶ 12–15.

{¶ 11} In this matter, the record demonstrates that defense counsel informed the trial court of the impending plea agreement immediately after obtaining discovery. The trial court determined that the plea was untimely under the terms of the court's standing order because a trial date had been established. Under these circumstances, the trial court abused its discretion when it employed its blanket policy rather than examining the particular facts and circumstances of the case. The assignment of error is well taken.

{¶ 12} Defendant's second assignment of error, in which he asserts that he was denied effective assistance of counsel, is moot. App.R. 12(A)(1).

{¶ 13} The judgment is reversed, and the cause is remanded to the lower court for further proceedings consistent with this opinion.

Judgment reversed
and cause remanded.

STEWART, P.J., and CELEBREZZE, J., concur.