[Cite as *State v. Perez*, 2018-Ohio-2724.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 104888**

**STATE OF OHIO**

PLAINTIFF-APPELLEE

vs.

**HECTOR MANUEL PEREZ**

DEFENDANT-APPELLANT

**JUDGMENT:**
REVERSED; REMANDED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-16-604088-A

**BEFORE:** E.A. Gallagher, A.J., Kilbane, J., and McCormack, J.

**RELEASED AND JOURNALIZED:** July 12, 2018

**ATTORNEY FOR APPELLANT**

Jonathan N. Garver
The Brownhoist Building
4403 St. Clair Avenue
Cleveland, Ohio 44103

**Also Listed:**

Hector Manuel Perez
Inmate No. A684275
Richland Correctional Institution
P.O. Box 8107
Mansfield, Ohio 44103


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor
BY: Brandon Piteo
Assistant Prosecuting Attorney
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

EILEEN A. GALLAGHER, A.J.:

{¶1} Defendant-appellant Hector Manuel Perez appeals his convictions for drug trafficking and possessing criminal tools in the Cuyahoga County Court of Common Pleas. For the following reasons, we reverse and remand.

**Facts and Procedural Background**

{¶2} In March 2016, Perez was charged with drug trafficking, drug possession and possessing criminal tools. The case proceeded to a plea hearing where the state set forth the plea as follows: Count 1 in the indictment, a first-degree felony charge of drug trafficking in violation of R.C. 2925.03(A)(2), would be amended to delete the schoolyard specification and reduce the amount of heroin doses involved such that the offense would be a felony of the third degree. The state would nolle the drug possession count, and Perez would plead guilty to the possessing criminal tools in Count 3 as charged in the indictment. Perez's attorney stated that the parties agreed that the trafficking offense would be nonprobationable. Perez also agreed to forfeit $105.

{¶3} The trial court conducted a Crim.R. 11 colloquy and explained that the plea on Count 1 would be to a felony of the third degree, "punishable by a possible term of incarceration of 9, 12, 18, 24, 30, or 36 months in prison * * *." Perez indicated that he understood the nature of the charges and possible penalties. Perez then entered a plea of guilty to drug trafficking as amended in Count 1 and possession of criminal tools as charged in Count 3. The trial court then asked Perez's counsel if he believed Perez's pleas were entered voluntarily, knowingly and intelligently. Perez's counsel indicated that he did so believe and that the trial court had satisfied all the requirements of Crim.R. 11.

{¶4} At this point the following exchange occurred:

| | |
|---|---|
| Defense Counsel: | Judge, there is one issue on penalties as it relates to Mr. Perez that I'm not sure we addressed. |
| The Court: | What is it? |
| Defense Counsel: | As part of the plea on the felony 3, it will be a high-tier felony 3. |
| The Court: | You're right. We did not address that. I was told low tier. I would like to see counsel up here a moment. |

{¶5} The trial court then conducted a sidebar before stating, "[h]ave a seat. I'm getting more information on this case. We will come back on this case." The court then took a recess before returning to the record:

> The Court: Let's go back on the record now in case 604088, State of Ohio vs. Manuel Hector Perez. The Court has considered further information on this case and has decided that in the performance of its duties, this Court could not accept the plea as previously conveyed to the Court. I have discussed that with the prosecutor and the defense attorney together. I've made my reasons known to counsel and then counsel have met and decided on an arrangement that would be acceptable to the Court, which is still an amendment to this three-count indictment. And the Court has been advised that it is acceptable to both the state and the defense.

{¶6} The state then set forth the new plea agreement whereby Perez would plead guilty to a second-degree felony charge of drug trafficking in Count 1. The other terms of the plea agreement were unchanged: count two would be nolled and Perez would plead guilty to possession of criminal tools in Count 3. The trial court then conducted a second Crim.R. 11 colloquy, and Perez plead guilty to a second-degree drug trafficking charge as amended in Count 1 and possession of criminal tools. The trial court then accepted Perez's guilty pleas and found him guilty.

{¶7} At sentencing the trial court imposed a prison term of six years on the drug trafficking charge in Count 1 and a mandatory fine of $7,500. On the possession of criminal tools count the trial court imposed a six-month prison term. The court ordered the two sentences to be served concurrently.

**Law and Analysis**

{¶8} Perez argues that his trial counsel provided ineffective assistance of counsel at his plea hearing that the trial court abused its discretion in rejecting his original plea, that his subsequent plea was not made voluntarily, that his subsequent plea violated double jeopardy, that the trial court violated Crim.R. 11 by failing to advise him that no one could comment on his failure to testify at trial or that he had a right to a bench trial. We find Perez's second assignment of error to be dispositive of this appeal and address it out of order.

**I. The Trial Court's Rejection of the Original Plea**

{¶9} In his second assignment of error Perez argues that the trial court abused its discretion in rejecting the original plea set forth on the record.

{¶10} It is well settled that a trial court enjoys wide discretion in deciding whether to accept or reject a negotiated plea agreement. *State v. Caldwell*, 2013-Ohio-5017, 1 N.E.3d 858, ¶ 10 (8th Dist.), citing *Santobello v. New York*, 404 U.S. 257, 262, 92 S.Ct. 495, 30 L.E.2d 427 (1971); *Akron v. Ragsdale*, 61 Ohio App.2d 107, 109, 399 N.E.2d 119 (9th Dist.1978). Indeed, a defendant has no absolute right to have a guilty plea accepted. *Santobello* at 262; *Lafler v. Cooper*, 566 U.S. 156, 180, 132 S.Ct. 1376, 182 L.Ed.2d 398 (2012).

{¶11} However, the court's discretion is not without limits. For example, a trial court abuses its discretion when it rejects a plea agreement by relying on a blanket policy rather than considering the facts and circumstances of the particular case. *State v. Fitzgerald*, 188 Ohio

App.3d 701, 2010-Ohio-3721, 936 N.E.2d 585, ¶ 11 (8th Dist.). A court's discretion may be exercised erroneously if the court fails to give reasons for its decisions and its reasons are not apparent from the record. *Caldwell* at ¶ 12. "A decision rejecting a plea bargain should be accompanied by the trial court's reasons therefor, absent facts and circumstances otherwise appearing which permit an evaluation of the decision." *Ragsdale* at paragraph two of the syllabus.

{¶12} In this instance, we find that the trial court abused its discretion in rejecting the plea set forth on the record without explaining its reasons for rejecting the plea. On appeal, the state now asserts that the parties had an out-of-court agreement to amend Count 1 to a "high-tier" third-degree felony. The state explains that Perez's trial counsel made reference to the "high-tier" nature of the agreement to correct the misstatement of the plea agreement by the prosecutor and prevent a falsity being perpetrated before the trial court. The parties do not dispute that a charge of trafficking in violation of R.C. 2925.03(A)(2) does not qualify for treatment as a "high tier" third-degree felony under R.C. 2929.14(a)(3)(a) and, therefore, any such agreement would have been a nullity. However, none of these alleged contextual facts are in the record before us. The state would have us extrapolate from a single sentence that the parties had an out-of-court agreement other than that stated in the record: that at some point during the trial court's recess, the parties discovered that the agreement could not be enforced under R.C. 2929.14(A)(3)(a) and that the trial court rejected the stated plea to the third-degree felony for this reason. Without any substantiation of these claims in the record, we are unable to accept them as true.

{¶13} The reason the record is bereft of details is because all the relevant discussions amongst the trial court and the parties regarding the plea occurred off the record during a sidebar

and a recess. This procedure might have been acceptable had the trial court returned to the record and provided a detailed accounting of its reasons for rejecting the plea as previously stated. Instead, the trial court provided no explanation for its rejection of the plea. Therefore, we find that the trial court abused its discretion by failing to explain its rejection of Perez's plea under the standard as set for *Ragsdale* and *Caldwell*.

{¶14} In considering the appropriate remedy, we find that it was not appropriate for Perez to be prejudiced by the state's inaction in this instance. The state set forth the plea on the record as a plea to a third-degree felony and made no mention of it qualifying for "high-tier" treatment under R.C. 2929.14(A)(3)(a). When the trial court, as part of its Crim.R. 11 colloquy, set forth the potential prison terms as those of an ordinary third-degree felony rather than a "high-tier" third-degree felony the state remained silent and failed to object. When the trial court prompted Perez to enter his plea to the agreement as set forth on the record the state, again, remained silent as Perez plead guilty. When defense counsel raised his concern regarding the "high-tier" issue, the state failed to dispute the trial court's statement that it had been informed that the plea was a "low tier" third-degree felony. Further, the state did not make a record of the now alleged out-of-court agreement or explain its earlier inaction during the plea. Finally, the trial court erred in conducting the discussions pertaining to this matter off the record and failing to set forth its reasons for rejecting Perez's plea. Again, the state elected not to make a record of the matter or explain why the plea that it had set forth, which the trial court had explained without objection and that Perez had accepted, was unacceptable.

{¶15} The state's action and, more importantly, inaction at the plea cannot be ignored even if we were to accept its contention on appeal that a separate agreement existed for a plea to a "high-tier" third-degree felony. The complete lack of a record as to such an agreement

precludes analysis of the matter on our part. Instead, what the record does reflect is that the state presented Perez with a plea offer of a third-degree felony at the plea hearing, and Perez accepted the plea offer.

{¶16} We hold that the appropriate remedy under these unique facts is to vacate Perez's convictions contingent upon his agreement to enter a plea according to the terms of the original plea as set forth by the state and the trial court on the record. *See, e.g.*, *State v. Caldwell*, 2013-Ohio-5017, 1 N.E.3d 858, (8th Dist.), (reversing the trial court's decision to reject a plea and vacating the appellant's conviction contingent upon his agreement to enter a plea according to the terms of the rejected plea); *Williams v. Maryland*, 326 Md. 367, 605 A.2d 103, 111 (1992) (remanding the matter for the petitioner to enter a guilty plea pursuant to the plea offer with instructions that the judge reinstate the original convictions and sentence if the petitioner declined to enter a guilty plea); *United States v. Hernandez-Limon*, 134 F.3d 745 (9th Cir.1994) (reversing district court's refusal to take a guilty plea and remanding with instructions to allow the defendant to enter a guilty plea pursuant to a plea agreement or else the convictions would be reinstated).

{¶17} We instruct the trial court to hold a hearing at which Perez shall be offered the opportunity to knowingly, intelligently, and voluntarily agree to the original plea. Upon agreement, the trial court shall vacate the convictions and, following compliance with Crim.R. 11, Perez may enter his plea. If Perez enters a guilty plea, the court shall proceed directly to sentencing. Should Perez fail to enter a plea of guilty pursuant to the plea agreement, the trial court shall proceed with the matter according to law.

{¶18} Appellant's second assignment of error is sustained and, as such, we find appellant's remaining assignments of error to be moot.

**{¶19}** The judgment of the trial court is reversed. Case remanded for further proceedings consistent with this opinion.

It is ordered that appellant recover from appellee the costs herein taxed.

The court finds that there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to

Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN A. GALLAGHER, ADMINISTRATIVE   JUDGE

MARY EILEEN KILBANE, J., CONCURS;
TIM McCORMACK, J.,   DISSENTS (WITH SEPARATE OPINION ATTACHED)
TIM McCORMACK, J., DISSENTING**:**

**{¶20}** I would affirm the trial court's decision.

**{¶21}** Trial counsel effectively represented his client by performing his duties ethically in that trial counsel advised the court of the accurate, applicable charge and penalty.

**{¶22}** The trial court has wide discretion to accept or reject a plea, as in this case, as long as the court's reason is stated. Here the transcript contains sufficient explanation for the procedure followed and the court's reasoning.

**{¶23}** Respectfully, I dissent.