[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State v. Hill*, Slip Opinion No. 2022-Ohio-4544.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2022-OHIO-4544

THE STATE OF OHIO, APPELLEE, *v.* HILL, APPELLANT.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State v. Hill*, Slip Opinion No. 2022-Ohio-4544.]

*Criminal law—Abuse of discretion—Crim.R. 11—Trial court abused its discretion by denying defendant's request to enter a no-contest plea based on trial court's own review of the appealable issues—Judgment reversed and cause remanded to trial court to allow defendant to enter a new plea in accordance with Crim.R. 11.*

(No. 2021-0913—Submitted May 11, 2022—Decided December 20, 2022.)

APPEAL from the Court of Appeals for Stark County,

No. 2020 CA 00130, 2021-Ohio-1946.

_____

FISCHER, J.

{¶ 1} This appeal requires us to consider whether the trial court abused its discretion when it refused to permit the defendant to enter a plea of no contest on the ground that it did not believe there were any legitimate issues to raise on appeal.

In making its decision, the trial court replaced appellate review with its own review and substituted its judgment for that of the court of appeals. Because the Fifth District Court of Appeals found that the trial court did not abuse its discretion by denying the defendant's request to enter a plea of no contest, we reverse.

## I. Facts and Procedural Background

{¶ 2} Appellant, Davis Hill, was indicted in the Stark County Court of Common Pleas on five drug-related counts, with a major-drug-offender specification attached to four of those counts, and two counts of having a weapon while under a disability. Hill pled not guilty to all charges and filed two motions to suppress evidence. The trial court denied both motions.

{¶ 3} At one of the suppression hearings, the trial court requested that appellee, the state of Ohio, place its sentencing recommendation on the record. The state recommended a minimum sentence of 16 years in prison and a maximum sentence of 21 and a half years. The trial court then asked Hill's counsel if she had informed Hill of the state's recommended sentence. Hill's counsel said that she had and that she had discussed the possibility of a no-contest plea with Hill and the state. Hill's counsel also indicated that the state had strongly opposed such a plea. The state confirmed that it did "heavily object" to a no-contest plea, and the trial court stated, "Yes. I think we all had a discussion regarding that."

{¶ 4} The next day, the trial court held a hearing "to clear up some confusion or misunderstanding regarding the offer that [was] being proposed and the options available to [Hill] at [that] time." It then indicated that it would not permit Hill to enter a no-contest plea:

> So it is the Court's practice to basically take pleas for people who are willing to plead guilty. There are rare circumstances when the Court will take a no-contest plea when I believe there is a legitimate—and issues to be raised upon appeal.

2

In this particular case I feel very confident in the Court's rulings on the various motions to suppress and issues that have been raised prior to trial in this matter, and for that reason I would not be inclined to accept a no-contest plea in this particular case. Certainly you have every right, your constitutional rights to try this case, to preserve these issues for appeal, and I am prepared to go forward with your trial commencing next Wednesday.

* * *

* * * I just wanted to make sure you understood that that's the way we do things. If everybody was allowed to plead no contest and appeal their cases ad infinitum, we'd never get any work done. And I, I have on a rare occasion permitted a no-contest plea if there was a legitimate legal issue that * * * remained in flux or [was] undecided in the State of Ohio, but in this particular case I see none of that.

This, this case was handled, in the Court's view, very appropriately by law enforcement. I know that you're facing a big number here, but the crimes you committed carry, you know, serious consequences, and I don't know what to tell you. There's nothing I can do about that.

On the day his trial was to begin, Hill entered a guilty plea on each of the counts and specifications in the indictment, and the trial court imposed the sentence recommended by the state.

{¶ 5} On appeal to the Fifth District, Hill argued that the trial court abused its discretion by following a blanket policy of refusing to allow defendants to plead no contest contrary to this court's decision in *State v. Beasley*, 152 Ohio St.3d 470, 2018-Ohio-16, 97 N.E.3d 474. In *Beasley*, we held that the trial court's blanket

policy of refusing to accept no-contest pleas was an arbitrary policy that amounted to an abuse of discretion. *Id.* at ¶ 13, 17. The Fifth District distinguished *Beasley*, concluding that the trial court in this case did not have a blanket policy of refusing to accept no-contest pleas in all cases. According to the appellate court, the trial court "made clear that it does permit no contest pleas in certain circumstances, such as when a legitimate legal issue remains in flux." 2020-Ohio-1946, ¶ 25. It also noted that the trial court had "looked at the facts and circumstances of the case at bar" and simply determined that it would not accept a no-contest plea. *Id.* Therefore, the Fifth District found that the trial court did not abuse its discretion when it refused to allow Hill to plead no contest. *Id.* at ¶ 26.

{¶ 6} Hill sought review by this court. We agreed to consider a single proposition of law: "If the Trial Court abused its discretion in not allowing a Defendant to enter a plea of no contest, then reversal is appropriate. Here, where the Trial Court refused to allow Defendant to enter a plea of no contest, arbitrarily, reversal is appropriate." *See* 164 Ohio St.3d 1447, 2021-Ohio-3336, 173 N.E.3d 1237.

## II. Guilty Pleas Versus No-Contest Pleas

{¶ 7} A no-contest plea differs from a guilty plea in two ways. First, with a no-contest plea, the defendant preserves the ability to raise more issues on appeal than by entering a guilty plea. "A valid guilty plea by a counseled defendant * * * generally waives the right to appeal all prior nonjurisdictional defects including the denial of a motion to suppress." *Beasley* at ¶ 15. A no-contest plea, on the other hand, "does not preclude a defendant from asserting upon appeal that the trial court prejudicially erred in ruling on a pretrial motion, including a pretrial motion to suppress evidence." Crim.R. 12(I); *see also Beasley* at ¶ 15.

{¶ 8} Second, a no-contest plea avoids the possibility that a guilty plea will be used against the defendant in a future civil suit. A guilty plea is "a complete admission of the defendant's guilt," Crim.R. 11(B)(1), so the plea may be

admissible evidence in a subsequent civil proceeding against the defendant. *See, e.g.*, *State v. C.A.*, 10th Dist. Franklin Nos. 14AP-738 and 14AP-746, 2015-Ohio-3437, ¶ 17; Evid.R. 803(22). A no-contest plea, by contrast, "is not an admission of defendant's guilt, but is an admission of the truth of the facts alleged in the indictment, information, or complaint, and the plea or admission shall not be used against the defendant in any subsequent civil or criminal proceeding." Crim.R. 11(B)(2); *see also* Evid.R. 410(A)(2).

### III. Standard of Review

{¶ 9} A plea of no contest may be made only "with the consent of the court," Crim.R. 11(A), and "[i]n felony cases the court may refuse to accept a plea of guilty or a plea of no contest," Crim.R. 11(C)(2). Therefore, a trial court's decision whether to permit a defendant to plead no contest is reviewed for an abuse of discretion. *See State v. Jenkins*, 15 Ohio St.3d 164, 223, 473 N.E.2d 264 (1984). "We have defined an abuse of discretion as conduct that is unreasonable, arbitrary or unconscionable." *Beasley*, 152 Ohio St.3d 470, 2018-Ohio-16, 97 N.E.3d 474, at ¶ 12, citing *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983). A decision is arbitrary if it is made " 'without consideration of or regard for facts [or] circumstances.' " (Brackets added in *Beasley*.) *Id.*, quoting *Black's Law Dictionary* 125 (10th Ed.2014). A decision may also be arbitrary if it is " ' "[w]ithout [an] adequate determining principle; * * * not governed by any fixed rules or standard." ' " (Brackets added; ellipsis added in *McGee*.) *Id.*, quoting *Dayton ex rel. Scandrick v. McGee*, 67 Ohio St.2d 356, 359, 423 N.E.2d 1095 (1981), quoting *Black's Law Dictionary* 96 (5th Ed.1979).

{¶ 10} Amicus curiae VanHo Law urges this court to reconsider the abuse-of-discretion standard in this context, arguing that it leads to negative consequences for the administration of justice. Given this, VanHo Law contends that whenever a defendant seeks to preserve a suppression or statutory issue for appeal, the defendant's "right" to enter a no-contest plea should be "presumed" and consent to

enter such a plea should be "freely and liberally granted," similar to the law on motions to withdraw a guilty plea made before trial. *See State v. Xie*, 62 Ohio St.3d 521, 527, 584 N.E.2d 715 (1992).

**{¶ 11}** We do not accept the analogy to a presentence motion to withdraw a guilty plea argued by VanHo Law. Crim.R. 32.1 is silent about the standard by which a presentence motion to withdraw a guilty plea should be judged. *See Xie* at 526. But Crim.R. 11(A) expressly provides that no-contest pleas are permitted only "with the consent of the court," unlike pleas of guilty or not guilty, which do not require the trial court's consent. A presumption that a trial court's consent should be freely and liberally granted to a defendant who seeks to plead no contest would render the consent requirement in Crim.R. 11(A) meaningless.

**{¶ 12}** In the alternative, VanHo Law contends that we should adopt a standard similar to the one used in federal court, which provides: "Before accepting a plea of nolo contendere, the court must consider the parties' views and the public interest in the effective administration of justice," Fed.R.Crim.P. 11(a)(3). However, accepting this standard would require modifying the Ohio Rules of Criminal Procedure, which we cannot do by way of a decision on appeal. Moreover, even under VanHo Law's proposed standard, the trial court's decision here would still be subject to review for an abuse of discretion. *See Jenkins*, 15 Ohio St.3d at 223, 473 N.E.2d 264; *Beasley*, 152 Ohio St.3d 470, 2018-Ohio-16, 97 N.E.3d 474, at ¶ 11; *Xie* at 527.

**{¶ 13}** Therefore, in this context, we review the trial court's decision to reject a plea of no contest for an abuse of discretion.

### IV. The Parties' Arguments

**{¶ 14}** Hill argues that the trial court abused its discretion under this court's holding in *Beasley*. In that case, the trial court had a blanket policy of refusing to accept no-contest pleas: "[T]he court rejected any and all no-contest pleas as a matter of course without any consideration of the facts or circumstances of each

case." *Id.* at ¶ 13. We held that the trial court's blanket policy was arbitrary and an abuse of discretion. *Id.* Hill contends that, like in *Beasley*, the trial court here did not consider any of the facts and circumstances of his case. The trial court stated that it permits no-contest pleas "on a rare occasion" and that it does so only when it believes there is an appealable issue in the case, because if it were to accept such pleas as a matter of course, it would "never get any work done." That, Hill contends, is effectively a blanket policy of refusing to accept no-contest pleas, like the policy this court rejected as an abuse of discretion in *Beasley*.

{¶ 15} The state responds by emphasizing that both Crim.R. 11 and *Beasley*, 152 Ohio St.3d 470, 2018-Ohio-16, 97 N.E.3d 474, permit a trial court to exercise discretion to deny a request to plead no contest. The state also argues that the record in this case does not support Hill's contention that the trial court had a blanket policy of refusing to accept no-contest pleas, pointing out that the trial court expressly stated that it accepts such pleas when it concludes there may be a legitimate legal issue for appeal. The state also points out that Hill did not explain to the trial court why he wanted to plead no contest, nor does the record indicate why such a plea might have been warranted.

## V. Analysis

{¶ 16} Although a trial court abuses its discretion when it adheres to "a blanket policy of not accepting no-contest pleas," *id.* at ¶ 13, that is not what occurred here. The trial court expressly stated that it *does* accept no-contest pleas when it "believe[s] there is a legitimate * * * issue[] to be raised upon appeal." It also considered the facts and circumstances of Hill's case—in particular, the issue whether law enforcement acted appropriately with respect to the matters that led to the motions to suppress. The trial court concluded that Hill's case did not involve any valid legal issues for appeal. The situation here is unlike that in *Beasley* in which the trial court "rejected any and all no-contest pleas as a matter of course without any consideration of the facts or circumstances of each case." *Id.* at ¶ 13.

The decision of the trial court here to not permit Hill to enter a no-contest plea was thus not based on a blanket policy of refusing to accept no-contest pleas.

{¶ 17} Furthermore, the cases cited by Hill in his merit brief do not challenge this conclusion. In each case, the trial court refused to consider the facts and circumstances of the case based on a blanket policy of refusing to accept a no-contest plea or plea agreement. *See State v. Williams*, 8th Dist. Cuyahoga No. 104202, 2016-Ohio-7782, ¶ 10, 12 (holding that trial court erred by following a blanket policy of refusing to accept no-contest pleas); *State v. Carter*, 124 Ohio App.3d 423, 428, 706 N.E.2d 409 (2d Dist. 1997) (same); *State v. Graves*, 10th Dist. Franklin No. 98AP-272, 1998 WL 808356, *4 (Nov. 19, 1998) (same); *State v. Fitzgerald*, 188 Ohio App.3d 701, 2010-Ohio-3721, 936 N.E.2d 585, ¶ 3, 11 (8th Dist.) (holding that trial court abused its discretion by following a blanket policy of refusing to accept plea agreements presented after trial date set); *State v. Hunt*, 4th Dist. Scioto No. 1536, 1985 WL 8359, *3 (Oct. 22, 1985) (holding that trial court abused its discretion by following a blanket policy of refusing to accept plea agreements presented after jury cards mailed to prospective jurors).

{¶ 18} Despite the differences between the policy in *Beasley*, 152 Ohio St.3d 470, 2018-Ohio-16, 97 N.E.3d 474, and the one at issue in this case, the trial court's policy here still amounts to an abuse of discretion. The trial court reviewed the issues in this case and determined that it would not allow Hill to plead no contest, because it did not believe there were any legitimate issues to preserve for appeal. The court stated that the case was "handled, in the Court's view, very appropriately by law enforcement" and that it felt "very confident in [its] rulings on the various motions to suppress and issues that [had] been raised prior to trial in this matter."

{¶ 19} When the trial court rejected Hill's no-contest plea because it did not believe there were any legitimate issues for appeal, the trial court effectively usurped the role of the court of appeals. It replaced appellate review with its own

review and determined that it had appropriately ruled on Hill's pretrial motions. Significantly, the trial court's policy required that it put itself in the position of the court of appeals to review its own prior decisions. To succeed under the trial court's policy, a defendant would need to convince the court that one of its prior decisions either applied settled law incorrectly or involved a legal issue that was "in flux or undecided in the State of Ohio" according to the trial court. A fundamental aspect of appellate review, however, is that the reviewing court is independent of the proceedings under review because it was not involved in the proceedings prior to the appeal. *See, e.g.*, Jud.Cond.R. 2.11(A)(7)(D) (providing that a judge "shall disqualify himself or herself" when the judge "previously presided as a judge over the matter in another court"). As a result, to the extent that a trial court's policy allows the trial court to review the correctness of its own decisions, that policy is unreasonable.

{¶ 20} Trial courts cannot avoid appellate review of their decisions by deciding themselves that their rulings were correct; this type of "appellate" review by a trial court is an abuse of discretion. Consequently, although the policy at issue here differs from the policy in *Beasley* in that it does not involve a flat refusal to permit no-contest pleas, the policy nonetheless constitutes an abuse of discretion.

{¶ 21} The dissenting opinion accuses this court of ignoring the negotiated plea deal that Hill entered into with the state. But we have not ignored it. It is irrelevant. Hill chose to plead guilty only after the trial court rejected his request to enter a no-contest plea. The state has the right to limit its offer in exchange for a plea of guilty; likewise, the defendant has the right to reject that deal and request to enter a plea of no contest instead, as Hill did here. And the trial court did not reject Hill's request to plead no contest because that plea was outside the scope of the state's offered plea deal. Rather, the court made it clear that it rejected his no-contest plea because it felt there were no legitimate issues to be raised on appeal.

**{¶ 22}** Furthermore, we do not conclude that Hill should be permitted to enter a no-contest plea as the dissenting opinion contends. Rather, we assert that once Hill submitted his request to do so, the trial court had a duty to make its decision on that request in a way that was not unreasonable, arbitrary, or unconscionable. In this case, the trial court violated that duty by unreasonably substituting its judgment for that of the court of appeals.

## VI. Conclusion

**{¶ 23}** For these reasons, we hold that the trial court abused its discretion by denying Hill's request to enter a no-contest plea based on its own review of the appealable issues. Accordingly, we reverse the judgment of the Fifth District Court of Appeals and remand the matter to the trial court to allow Hill to enter a new plea in accordance with Crim.R. 11.

Judgment reversed
and cause remanded.

O'CONNOR, C.J., and DONNELLY, STEWART, and BRUNNER, JJ., concur.

DEWINE, J., dissents, with an opinion joined by KENNEDY, J.

_____

**DEWINE, J., dissenting.**

**{¶ 24}** The proposition of law in this case asserts that a trial court may not arbitrarily refuse to accept a plea of no contest in a criminal case. I agree with that proposition. But that is not what happened here. This case involved a negotiated plea deal with the state, and the state conditioned its offer on the defendant's entering a plea of guilty, which it had every right to do. The majority ignores the plea agreement and concludes that the defendant should have been permitted to enter a no-contest plea. I disagree, so I dissent.

### Plea negotiations in the trial court

**{¶ 25}** A grand jury indicted Davis Anthony Hill on multiple criminal charges. Counts 1 through 4 were the most significant. Counts 1 and 2 alleged

trafficking in and possession of heroin; Counts 3 and 4 alleged trafficking in and possession of a fentanyl-related compound. Each of those counts included a major-drug-offender ("MDO") specification. *See* R.C. 2941.1410. This meant that Hill was facing a mandatory indefinite sentence of 11 to 16.5 years for each of the charges in Counts 1 through 4, and he was subject to an additional mandatory prison term of 3 to 8 years on each of the two MDO specifications attached to the fentanyl charges. *See* R.C. 2925.03(C)(6)(g) and (C)(9)(h); R.C. 2925.11(C)(6)(f) and (C)(11)(g); R.C. 2929.14(B)(11). Finally, each of the charges in Counts 1 through 4 required the imposition of a mandatory fine of up to $20,000. *See* R.C. 2929.18(B)(1). In addition to these four charges, the indictment also contained lower-level gun- and drug-possession charges.

{¶ 26} Hill sought to have the evidence against him suppressed, but the trial judge denied his motions after evidentiary hearings. After announcing her decision on the motions, the judge noted that the case was scheduled for trial a week later. Aware that the parties had been engaged in plea negotiations, the judge asked the prosecutor to state what sentence she would propose in exchange for Hill's entering a plea of guilty to the charges in the indictment. The prosecutor said that she would recommend a total sentence of 16 to 21.5 years in prison. Specifically, the state proposed that Hill be sentenced to 11 to 16.5 years on Count 3, which related to trafficking in fentanyl; and that sentence would be served consecutively to a 5-year prison term on the MDO specification attached to that count. The state agreed that either the remaining counts would be merged with Count 3 or the sentences imposed for the remaining counts would be served concurrently with the sentence imposed for Count 3. Finally, the state promised not to file charges related to additional drug transactions.

{¶ 27} Defense counsel acknowledged that she had discussed the state's offer with Hill. Counsel explained, "One of the things that we talked about in conjunction with the plea would be his ability to enter pleas of no contest. I did

discuss that with [the prosecutor], and the State is not in agreement that that would be appropriate as part of the offer." The prosecutor agreed that the state would "heavily object" to a no-contest plea as part of its offer. Hill said he wanted more time to discuss the offer with his attorney.

{¶ 28} The parties reconvened the following day and went back on the record to, as the trial judge put it, "clear up some confusion or misunderstanding regarding the offer that [was] being proposed." It was at this time that the trial court made the comments that the majority is concerned about. The judge noted that she rarely accepts no-contest pleas and typically does so only when she believes there are genuine legal issues for appeal. Hill did not enter any pleas at that time, and the case remained set for trial.

{¶ 29} When the parties returned a week later, Hill entered guilty pleas to all the counts and specifications in the indictment. The court sentenced him to the exact prison term recommended by the state: 16 to 21.5 years in prison. As promised, the state stipulated that the other three first-degree felony drug counts would be merged into Count 3 for the purposes of sentencing, and the trial court ordered that the sentences imposed for the remaining charges be served concurrently with the sentence for Count 3. The state further agreed to waive the imposition of the mandatory fines.

### The majority disregards the negotiated plea in this case

{¶ 30} Criminal defendants do not have an unqualified right to enter a no-contest plea. Our rules explicitly provide that no-contest pleas may be made only "with the consent of the court." Crim.R. 11(A). And in all cases, "the court may refuse to accept a plea of guilty or a plea of no contest." Crim.R. 11(C)(2), (D), and (E). But while the court is given discretion whether to accept a no-contest plea, its decision must not be unreasonable, arbitrary, or unconscionable. *State v. Beasley*, 152 Ohio St.3d 470, 2018-Ohio-16, 97 N.E.3d 474, ¶ 11-12.

**{¶ 31}** Our criminal rules provide additional guidance regarding a trial court's rejection of a no-contest plea. "If the court refuses to accept a plea of guilty or no contest, the court *shall enter a plea of not guilty on behalf of the defendant*." (Emphasis supplied.) Crim.R. 11(G). Thus, the trial court may not require a defendant to enter a guilty plea in lieu of a no-contest plea. Rather, when the trial court exercises its discretion to reject a no-contest plea, it must maintain the defendant's plea of not guilty.

**{¶ 32}** But those rules don't have anything to do with what terms the state may condition a plea offer on. Plea agreements are essentially contracts between the state and the defendant. *State v. Dye*, 127 Ohio St.3d 357, 2010-Ohio-5728, 939 N.E.2d 1217, ¶ 21; *State v. Bethel*, 110 Ohio St.3d 416, 2006-Ohio-4853, 854 N.E.2d 150, ¶ 50; *see also State v. Azeen*, 163 Ohio St.3d 447, 2021-Ohio-1735, 170 N.E.3d 864, ¶ 20. The state is free to condition an offer with respect to the charges or sentence on a defendant's entering a plea of guilty rather than no contest.

**{¶ 33}** And that is what happened here. Hill's attorney acknowledged as much during oral argument in this court. One justice inquired, "Counsel, just to clarify, this was a plea to the indictment, correct?" Hill's attorney responded, "No, this was, in fact, a negotiated plea." The justice then asked, "Did the state make it a condition that a no-contest plea was not acceptable in this negotiated plea?" Counsel answered affirmatively.

**{¶ 34}** Thus, the record indicates (and Hill concedes) that Hill's plea was made as part of a plea deal. The state conditioned its offer on Hill's entering a guilty plea to the charges. There was nothing improper in that condition. Likewise, the trial court did not abuse its discretion by refusing to accept a no-contest plea under those circumstances.

## Conclusion

**{¶ 35}** The record demonstrates that Hill pleaded guilty because that was a condition of his negotiated plea agreement, not because the judge unreasonably and

arbitrarily denied his request to plead no contest.  I would affirm the judgment of the Fifth District Court of Appeals upholding Hill's convictions.

KENNEDY, J., concurs in the foregoing opinion.

_____

Kyle L. Stone, Stark County Prosecuting Attorney, and Lisa A. Nemes and Vicki L. DeSantis, Assistant Prosecuting Attorneys, for appellee.

Rhys B. Cartwright-Jones, for appellant.

VanHo Law and Adam M. VanHo, urging reversal for amicus curiae, VanHo Law.

_____