[Cite as *State v. Jackson*, 2023-Ohio-762.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## LAKE COUNTY

| | |
|---|---|
| STATE OF OHIO, | CASE NO. 2022-L-053 |
| Plaintiff-Appellee, | |
| - vs - | Criminal Appeal from the<br>Court of Common Pleas |
| MCKINLEY JACKSON, | |
| Defendant-Appellant. | Trial Court No. 2022 CR 000101 |

**O P I N I O N**

Decided: March 13, 2023
Judgment: Reversed and remanded

*Charles E. Coulson*, Lake County Prosecutor, and *Kristi L. Winner*, Assistant Prosecutor, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, OH 44077 (For Plaintiff-Appellee).

*Timothy Young*, Ohio Public Defender, and *Victoria Bader*, Assistant State Public Defender, 250 East Broad Street, Suite 1400, Columbus, OH 43215 (For Defendant-Appellant).

JOHN J. EKLUND, P.J.

{¶1} Appellant, McKinley Jackson, appeals the sentencing court's acceptance of his guilty plea and the imposition of indefinite sentences. For the following reasons, we reverse and remand the judgment of the Lake County Court of Common Pleas.

{¶2} The state indicted Appellant on four counts: (1) attempted murder, a first-degree felony, in violation of R.C. 2923.02; (2) felonious assault, a second-degree felony, in violation of R.C. 2903.11(A)(2) with a repeat violent offender specification; (3) felonious

assault, a second-degree felony, in violation of R.C. 2903.11(A)(1); and (4) tampering with evidence, a third-degree felony, in violation of R.C. 2921.12(A)(1).

{¶3} Appellant pled not guilty. The state offered Appellant a plea agreement to plead guilty to count two and all other counts would be dismissed. Appellant accepted the plea agreement.

{¶4} On March 31, 2022, the court held a change of plea hearing. The court explained the charge to Appellant and asked if he understood, to which he replied that he did. The court then stated:

> Before accepting your guilty plea, I need to determine that you know and understand the rights that you will be waiving or giving up, the consequences of your guilty plea, and the maximum penalty that could be imposed on you and I must be satisfied that your plea is being made freely and that your plea is being made knowingly, intelligently, and voluntarily.

{¶5} The court next asked Appellant a series of questions and found that his plea was made knowingly, intelligently, and voluntarily. The court accepted the guilty plea.

{¶6} On May 16, 2022, the court held a sentencing hearing. The court explained to the prosecution and defense counsel that Appellant had written the court a letter stating that he wished to fire his attorneys because "there was nothing done on my behalf" and that he wished to withdraw his guilty plea. The court asked defense counsel if she was aware of the letter and Appellant's wishes. She replied that she was not aware. The court then asked defense counsel to explain the work she performed on the case. Defense counsel told the court that she met with Appellant multiple times in jail and had explained to him the state's evidence against him and the possible prison sentence if he were found guilty on all charges.

2

Case No. 2022-L-053

{¶7} The court proceeded and asked Appellant if he still wished to withdraw his guilty plea. Appellant replied that he did. Defense counsel asked the court if she may speak to Appellant privately first and the court replied: "You may. However, I want you to make sure that he understands that I don't take pleas on the same case from the same person more than once. * * * So that if I allow him to withdraw his plea, he'll go to trial on the original indictment, and I will never take a plea from him on this case again."

{¶8} After speaking with counsel, Appellant decided not to withdraw his guilty plea. The court asked Appellant if he was sure and he replied, "I'm sure." The court sentenced Appellant to an indefinite sentence of eight to twelve years for felonious assault and four years for the repeat violent offender specification to be served consecutively.

{¶9} Appellant timely appeals and raises two assignments of error.

{¶10} First assignment of error: "The trial court plainly erred by coercing Mr. Jackson to withdraw his motion to withdraw his plea by stating a blanket policy against accepting a plea after a plea withdraw [sic]."

{¶11} "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed * * *." Crim.R. 32.1. As a general rule, "a presentence motion to withdraw a guilty plea should be freely and liberally granted." *State v. Xie*, 62 Ohio St.3d 521, 527, 584 N.E.2d 715 (1992). However, "[a] defendant does not have an absolute right to withdraw a guilty plea prior to sentencing." *Id.* at paragraph one of the syllabus. "The decision to grant or deny a presentence motion to withdraw a guilty plea is within the sound discretion of the trial court." *Id.* at paragraph two of the syllabus. Thus, it is for the trial court "to determine what circumstances justify granting such a motion," and for the reviewing court to affirm that decision unless it is unreasonable, arbitrary, or

3

unconscionable. *Id.* at 526-527. In this case, we find the blanket policy rejecting "pleas on the same case from the same person more than once" arbitrary and unreasonable.

{¶12} Appellant offers three arguments in support of this assignment of error. We only address one since it is dispositive of this assignment of error.

{¶13} Appellant asserts that the trial court abused its discretion when it established (and expressed its intention to use) a "blanket policy" against accepting more than one plea, rendering his guilty plea involuntary. We agree.

{¶14} It is well settled that the trial court enjoys wide discretion in deciding whether to accept or reject a negotiated plea agreement. *Santobello v. New York*, 404 U.S. 257, 262, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971); *Akron v. Ragsdale*, 61 Ohio App.2d 107, 109–10, 399 N.E.2d 119 (9th Dist.1978). We have defined an abuse of discretion as conduct that is unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983). An "arbitrary" decision is one made "without consideration of or regard for facts [or] circumstances." *Dayton ex rel. Scandrick v. McGee*, 67 Ohio St.2d 356, 359, 423 N.E.2d 1095 (1981), quoting Black's Law Dictionary 96 (5th Ed.1979).

{¶15} However, the court's discretion is not without limits. *State v. Caldwell*, 8th Dist. Cuyahoga No. 99166, 2013–Ohio–5017, ¶ 11. ("Although there is no evidence the trial court had a blanket policy rejecting all pleas after the commencement of trial, the court's rationale became a de facto policy of rejecting any plea offered in this case because it provided no principled reason justifying its all-or-nothing approach. Had the court articulated some objective reason by which we could review its exercise of discretion, we might have found no abuse of discretion.") *Id.* at ¶ 15. "For example, a

4

trial court abuses its discretion when it rejects a plea agreement by relying on a blanket policy rather than considering the facts and circumstances of the particular case." *Id.* at ¶ 11, citing *State v. Fitzgerald*, 188 Ohio App.3d 701, 2010-Ohio-3721, 936 N.E.2d 585, ¶ 11 (8th Dist.). "A blanket policy rejecting plea agreements results in rejections based on policy rather than reason." *Id.*

**{¶16}** "A court's discretion may be exercised erroneously if the court fails to give reasons for its decisions and its reasons are not apparent from the record." *Id.* at ¶ 12. "A decision rejecting a plea bargain should be accompanied by the trial court's reasons therefor, absent facts and circumstances otherwise appearing which permit an evaluation of the decision." *Ragsdale* at paragraph two of the syllabus.

**{¶17}** The above cases reference plea agreements, however, we find no reason why the same logic would not apply to all cases involving blanket policies rejecting pleas, negotiated or otherwise, absent facts and reasoning. Similar to this case, in *State v. Beasley*, 152 Ohio St.3d 470, 2018-Ohio-16, 97 N.E.3d 474, ¶ 13, the Ohio Supreme Court reviewed a trial court's "blanket policy of not accepting no-contest pleas. In other words, the court rejected any and all no-contest pleas as a matter of course without any consideration of the facts or circumstances of each case." The Court held that the trial court's blanket policy was arbitrary because it was offered without regard to the facts or circumstances, and concluded that the trial court's "adherence to such an arbitrary policy constitutes an abuse of discretion." *Id.* As a result of the trial court's blanket policy, which led to Beasley pleading guilty, the Ohio Supreme Court reversed the judgment and remanded the matter to allow Beasley to enter a new plea. *Id.* at ¶ 17.

5

Case No. 2022-L-053

{¶18} Here, the trial court had a blanket policy rejecting all "pleas on the same case from the same person more than once" and based on that policy, the court stated that it "will never take a plea from [the defendant] on this case again." Similar to *Beasley,* the court had a blanket policy against pleas, that policy was offered without any justification or reason considering the relevant facts and circumstances, and, after hearing that policy, Appellant plead guilty.

{¶19} "'When a defendant enters a plea in a criminal case, the plea must be made knowingly, intelligently, and voluntarily. Failure on any of those points renders enforcement of the plea unconstitutional under both the United States Constitution and the Ohio Constitution.'" *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, ¶ 7, quoting *State v. Engle*, 74 Ohio St.3d 525, 527, 660 N.E.2d 450 (1996). "In determining whether a guilty * * * plea was entered knowingly, intelligently, and voluntarily, an appellate court examines the totality of the circumstances through a de novo review of the record to ensure that the trial court complied with constitutional and procedural safeguards." *State v. Willison*, 4th Dist. Athens No. 18CA18, 2019-Ohio-220, ¶ 11. "* * * A guilty plea, if induced by promises or threats which deprive it of the character of a voluntary act, is void. A conviction based upon such a plea is open to collateral attack." *Machibroda v. United States*, 368 U.S. 487, 493, 82 S.Ct. 510, 513, 7 L.Ed.2d 473 (1962).

{¶20} The trial court's policy was arbitrary and its adherence to that policy constitutes an abuse of discretion. The circumstances show that the court's policy induced Appellant's decision and led him not to withdraw his guilty plea. Appellant twice informed the trial court that he wished to withdraw his guilty plea. In the first instance, he wrote a letter to the court before the sentencing hearing. In the second instance, he

6

reiterated his desire to withdraw his guilty plea at sentencing. Appellant only changed his mind (mere minutes after reiterating his desire to withdraw his guilty plea) when he was advised of the court's blanket policy against accepting more than one plea by the same person in the same case. The record here demonstrates that, in this set of facts, the court's blanket policy constituted a threat that infected Appellant's decision to not withdraw his guilty plea and renders his guilty plea involuntary.

{¶21} Because Appellant's decision not to withdraw his guilty plea was involuntary, we reverse.

{¶22} Appellant's first assignment of error is with merit.

{¶23} Second assignment of error: "The trial court erred when it sentenced Mr. Jackson to an indefinite sentence under the unconstitutional Reagan Tokes Law."

{¶24} Appellant's second assignment of error is rendered moot by the disposition of his first assignment.

{¶25} We conclude that the trial court erred in adopting a blanket policy of refusing to accept pleas more than once and that policy induced Appellant's guilty plea. The judgment of the Lake County Court of Common Pleas is reversed, and this case is remanded for a hearing on Appellant's motion to withdraw his guilty plea.

MARY JANE TRAPP, J.,

MATT LYNCH, J.,

concur.

7

Case No. 2022-L-053