[Cite as *State v. Isom*, 2024-Ohio-5438.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## TRUMBULL COUNTY

STATE OF OHIO,

        Plaintiff-Appellee,

    - vs -

JAQUAN P. ISOM,

        Defendant-Appellant.

CASE NO. 2024-T-0020

Criminal Appeal from the
Court of Common Pleas

Trial Court No. 2022 CR 00302

---

**O P I N I O N**

Decided: November 18, 2024
Judgment: Affirmed

---

*Dennis Watkins*, Trumbull County Prosecutor, and *Ryan J. Sanders*, Assistant Prosecutor, Administration Building, Fourth Floor, 160 High Street, N.W., Warren, OH 44481 (For Plaintiff-Appellee).

*Richard E. Hackerd*, 55 Public Square, Suite 2100, Cleveland, OH 44113 (For Defendant-Appellant).

MARY JANE TRAPP, J.

{¶1} Appellant, Jaquan P. Isom ("Mr. Isom"), appeals the judgment of the Trumbull County Court of Common Pleas that sentenced him to 18 months in prison following his guilty plea to having a weapon while under a disability. Mr. Isom's conviction stems from a traffic stop, during which a loaded firearm was discovered in the locked glove box of his vehicle.

{¶2} Mr. Isom raises one assignment of error on appeal, contending the trial court abused its discretion by not allowing his family and friends to speak in mitigation at his sentencing hearing.

{¶3} After a careful review of the record and pertinent law, we find Mr. Isom's assignment of error to be without merit. Mr. Isom failed to demonstrate the trial court abused its discretion by declining to allow his family and friends to speak at his second sentencing hearing (Mr. Isom failed to appear for his initial sentencing hearing). The trial court noted that his friends and family had the opportunity to do so during the PSI investigation and gave both Mr. Isom and his defense counsel an opportunity to speak. Further, the trial court had Mr. Isom's extensive criminal history before it, which included three prior convictions for having a weapon while under a disability.

{¶4} The judgment of the Trumbull County Court of Common Pleas is affirmed.

**Substantive and Procedural Facts**

{¶5} In May 2022, after the matter was bound over by the Trumbull County Eastern District Court, the Trumbull County Court of Common Pleas grand jury indicted Mr. Isom on three counts: (1) having a weapon while under a disability, a third-degree felony, in violation of R.C. 2923.13(A)(3) and (B); (2) improperly handling firearms in a motor vehicle, a fourth-degree felony, in violation of R.C. 2923.16(B) and (I); and (3) carrying a concealed weapon, a fourth-degree felony, in violation of R.C. 2923.12(A)(2) and (F)(1).

{¶6} In January 2023, after much delay due in part to Mr. Isom's failure to appear, an arraignment hearing was held at which Mr. Isom pleaded not guilty to the charges.

{¶7} In February 2023, a hearing was held on Mr. Isom's motion to suppress. In June, the trial court denied the motion, finding the police officer found the firearm during an inventory search of Mr. Isom's vehicle, which was also conducted with Mr. Isom's consent. Further, once the officer began the search, he discovered remnants of

2

marijuana in the center console and other items of contraband in the vehicle, which the court found gave the officer probable cause.

{¶8} Ultimately, Mr. Isom accepted a plea deal from the State and pleaded guilty to count one, having a weapon while under a disability. In exchange, the State dismissed the remaining counts.

{¶9} The State reviewed the factual basis for the charges: "[O]n or about April 7, 2022, in Trumbull County, Ohio, officers with the Brookfield Police Department traffic stopped this defendant. Defendant was placed under arrest on an outstanding warrant. An inventory and search of the vehicle found a loaded Smith & Wesson firearm in the defendant's vehicle. Defendant has prior convictions for Possession of Cocaine in the Summit County Court of Common Pleas. . . thereby placing him under disability from possessing a firearm."

{¶10} The trial court accepted Mr. Isom's guilty plea and set the matter for a presentence investigation ("PSI") and a sentencing hearing.

{¶11} After Mr. Isom failed to appear for the initial sentencing hearing, the sentencing hearing was held in January 2024.

{¶12} In relevant part to this appeal, at the beginning of the hearing, the court inquired of Mr. Isom whether he or his attorney had anything to say prior to sentencing.

{¶13} "Mr. Isom: Yeah. I know my family, they all have letters to write and talk after them, if that was okay.

{¶14} "The Court: No. There's no place for them to speak here. The victims can speak here. You can speak here. But if they wanted to have the Court consider anything, it had to be part of the presentence investigation. And it isn't right now, so…."

3

**{¶15}** Mr. Isom did not proffer the proposed letters for the record.

**{¶16}** After hearing from Mr. Isom, his attorney, and the State, the court reviewed Mr. Isom's criminal history, which consisted of multiple felonies, including three prior convictions for having a weapon while under a disability, and sentenced him to 18 months in prison.

**{¶17}** Mr. Isom raises one assignment of error for our review:

**{¶18}** "The Trial Court abused its discretion when Isom was denied the right to call witnesses at sentencing in mitigation."

**Witnesses at the Sentencing Hearing**

**{¶19}** In his sole assignment of error, Mr. Isom contends the trial court abused its discretion by not allowing his family and friends to speak in mitigation at his sentencing hearing.

**{¶20}** Pursuant to Crim.R. 32(A)(1), a trial court is required to allow defense counsel and the defendant, if they so wish, to address the court at sentencing. The rule does not require a sentencing court to hear from defense witnesses. Pursuant to R.C. 2947.06(A)(1), a trial court "*may* hear testimony in mitigation of a sentence." (Emphasis added.) Similarly, pursuant to R.C. 2929.19(A), at the sentencing hearing, "the offender, the prosecuting attorney, the victim or the victim's representative. . . , and, *with the approval of the court*, any other person may present information relevant to the imposition of sentence in the case." (Emphasis added.) Thus, whether to do so is purely in the court's discretion. *State v. Anderson*, 2007-Ohio-3849, ¶ 20 (11th Dist.).

**{¶21}** Accordingly, we review for an abuse of discretion. An abuse of discretion is the trial court's "'failure to exercise sound, reasonable, and legal decision-making.'"

4

*State v. Beechler*, 2010-Ohio-1900, ¶ 62 (2d Dist.), quoting *Black's Law Dictionary* (8th Ed. 2004). "When a pure issue of law is involved in appellate review, the mere fact that the reviewing court would decide the issue differently is enough to find error." *Id.* at ¶ 67. "By contrast, where the issue on review has been confided to the discretion of the trial court, the mere fact that the reviewing court would have reached a different result is not enough, without more, to find error." *Id.*

{¶22} Mr. Isom has failed to show the trial court abused its discretion. As our review of Mr. Isom's second sentencing hearing revealed, the trial court denied Mr. Isom's request because his family and friends had the opportunity to write letters on his behalf during the PSI. Further, the court had the PSI report detailing Mr. Isom's lengthy criminal record, which included multiple felonies. Most notably, Mr. Isom has been convicted of a having a weapon while under a disability three times (in 2013, 2018, and 2021). In addition, the trial court heard from Mr. Isom and his counsel, who advocated for a sentence of community control.

{¶23} Our sister districts have concluded the trial court did not abuse its discretion under similar circumstances.

{¶24} For instance, in *State v. Maynard*, 2015-Ohio-1744 (8th Dist.), the Eight District determined the appellant failed to demonstrate the trial court abused its discretion by refusing to allow his brother to address the court at the sentencing hearing. *Id.* at ¶ 9. The court reviewed a psychiatric mitigation report and a PSI report prior to sentencing. *Id.* The court also heard extensive statements from defense counsel, and the appellant, who expressed remorse and offered an apology to the victim. *Id. See also State v. Hinzman*, 2024-Ohio-2452, ¶ 28-32 (8th Dist.) (trial court did not abuse its discretion by

5

refusing to allow grandmother to speak; the record supported his violations of his community control sanction and the trial court sentenced him for that violation); *State v. Ross*, 2017-Ohio-675, ¶ 22-26 (6th Dist.) (trial court did not abuse its discretion by refusing to continue sentencing so that mitigation evidence could be provided by psychologist; trial court allowed both defendant and his counsel to make statements and was not obligated to consider testimony or evidence from any other witness); *State v. Skerness*, 2011-Ohio-188, ¶ 83-87 (5th Dist.) (trial court did not abuse its discretion in refusing to allow defendant's girlfriend to speak to his good character).

{¶25} Mr. Isom's assignment of error is without merit.

{¶26} The judgment of the Trumbull County Court of Common Pleas is affirmed.


EUGENE A. LUCCI, P.J., concurs,

JOHN J. EKLUND, J., concurs with a Concurring Opinion.

_____

JOHN J. EKLUND, J., concurs with a Concurring Opinion.

{¶27} I concur in the court's judgment, but with a healthy dose of caution.

{¶28} As a general proposition, I agree with the majority that Crim.R. 32(A) does not require the trial court to entertain mitigation witnesses at sentencing. I also agree that R.C. 2947.06(A)(1) and R.C. 2929.19(A) are both permissive, allowing the trial court to exercise discretion in deciding whether or not to allow mitigation witness testimony.

{¶29} The term "abuse of discretion" is one of art, connoting judgment exercised by a court which neither comports with reason, nor the record. *State v. Raia*, 2014-Ohio-

6

Case No. 2024-T-0020

2707, ¶ 9 (11th Dist.). Stated differently, an abuse of discretion is the trial court's "'failure to exercise sound, reasonable, and legal decision-making.'" *Id.,* quoting *State v. Beechler*, 2010-Ohio-1900, ¶ 62 (2d Dist.), quoting *Black's Law Dictionary* 11 (8th Ed. 2004). "When an appellate court is reviewing a pure issue of law, 'the mere fact that the reviewing court would decide the issue differently is enough to find error[.] . . . By contrast, where the issue on review has been confined to the discretion of the trial court, the mere fact that the reviewing court would have reached a different result is not enough, without more, to find error.'" *Id.,* quoting *Beechler* at ¶ 67.

{¶30} The particularities of this sentencing hearing, to me, may suggest there was an abuse of discretion. Appellant asked to present written mitigating statements and testimony from his family "if that was okay." The trial court responded: "No. There's no place for them to speak here. The victims can speak here. You can speak here. *But if they wanted to have the Court consider anything, it had to be part of the presentence investigation.* And it isn't right now, so. . . Anything else you want to say?" (Ellipses in original and emphasis added.)

{¶31} First, in saying this, the trial court misstated the law. In accordance with Crim.R. 32, R.C. 2947.06(A)(1), and R.C. 2929.19(A), there *is*, in fact, a place for such live or written mitigation statements at sentencing. Contrary to the court's pronouncement, the witnesses' statements do not have to be "part of the presentence investigation" to be considered. If the trial court refused to hear mitigation witnesses under R.C. 2947.06(A)(1) and R.C. 2929.19(A) based on this misstatement of law, it was, to me, an abuse of discretion.

7

Case No. 2024-T-0020

**{¶32}** Second, the court's statement may reflect that the trial court would not, under any circumstances, accept live mitigation statements as a matter of course or policy. That would be an abdication of the court's *duty* to actually exercise discretion, which is itself an abuse of discretion. *See State v. Jackson*, 2023-Ohio-762, ¶ 20 (11th Dist.); *State v. Beasley*, 2018-Ohio-16, ¶ 13.

**{¶33}** Despite the above possibilities, there were other facts and procedural issues in this case that make it equally possible that the trial court ruled as it did based upon them, rather than a misstatement of law or inappropriate blanket policy. First, the trial court provided Appellant and trial counsel the opportunity to speak. Second, Appellant failed to appear at least two times for scheduled court dates, including failing to appear for his scheduled sentencing hearing. Third, among his other prior convictions, Appellant had three prior convictions for the same offense to which he plead guilty – Having a Weapon While Under Disability. In view of this factual and procedural history, the trial court may have, in its discretion, decided that statements from mitigation witnesses would not be an efficient use of judicial resources.

**{¶34}** In its briefing in this case, the State relied on *State v. Anderson*, 2007-Ohio-3849 (11th Dist.). There, the trial court had reviewed several letters written on behalf of the defendant as part of a pre-sentence investigation. *Id.* at ¶ 15. At sentencing, the defendant wanted to present witnesses in mitigation, but trial counsel expressed uncertainty whether the witnesses in mitigation had anything to add to what they had written on behalf of the defendant. *Id.* at ¶ 17. This Court held that the trial court did not abuse its discretion in declining to hear their statements at the sentencing hearing. *Id.* at ¶ 20.

8

Case No. 2024-T-0020

{¶35} Unlike in *Anderson*, the trial court here had not previously seen the witnesses' written statements in support of Appellant, at least as far as the record before us reveals. I am not suggesting that a trial court *must* allow mitigation witnesses to speak at a sentencing hearing when no supporting letters or statements are included in a pre-sentencing investigation. Nor do I suggest that trial courts view *Anderson* and this case as a formula for denying a request to hear *all* in-person mitigation witnesses, i.e., to deny both those who wrote presentence investigation letters because the letter covers the content of their statement and those who did not write a letter because they failed to exercise their due diligence.

{¶36} Some of the majority's citations plainly hold that a trial court may flatly refuse to hear mitigation witnesses at a sentencing hearing. *E.g., State v. Ross,* 2017-Ohio-675, ¶ 24-25 (6th Dist.). However, those opinions do not reveal the bases for their holdings.

{¶37} Appellant's request for mitigation witnesses to address the court was not a facially unreasonable one; the trial court, in its discretion, was permitted to grant or deny it. However, if the denial was based on a misstatement of the law or reflects a policy that does not consider the facts of the individual case before the court, it would be either an abuse of discretion or a failure to exercise any proper discretion. If it was based on Appellant's (and his supporters') demonstrated lack of either urgency in seeking to be heard or respect for the court's schedule, then it probably would not be either.

{¶38} Because I cannot discern which it was, and given the standard of review, I concur.

9